1. LIBEL AND SLANDER—FORMER RECOVERY.
    Where an action was brought against the associated press for libel in causing a publication in a newspaper, and damages were recovered for the act of the defendant in communicating the matter to the newspaper, and also for the injury done by the publication itself, and the damages were paid, it was a bar to a prosecution against the newspaper for the publication.

2. SAME—RELEASE OF JOINT TORT FEASOR.
    A recovery of actual damages only against one of two joint tort feasors, and satisfaction of the judgment, will bar any recovery against the other, though he alone was guilty of malice, and, if the suit had been first brought against him, exemplary damages might have been recovered.

3. SAME.
    Where plaintiff recovered against one of two persons for libel in a certain newspaper, the fact that he misrecited the headlines of the publication in his pleading will not justify maintenance of another action against the other publisher.

Separate actions by the Union Associated Press and William S. Brewer against the Press Publishing Company.   Defendant moves to compel plaintiff in each action to reply to the fourth separate defense alleged in its answer.   Granted.

John M. Bowers and William H. Van Benschoten, for the motion.
Benno Loewy, opposed.

BISCHOFF, J.   The actions are for libel, founded upon the publication by the defendant in its newspaper, the World, of an article charging the respective plaintiffs with the execution of a fraudulent scheme whereby news, in the course of transmission to the Associated Press, was secured by them by means of "wire-tapping."   In each action the defense, to which a reply is now sought, proceeds upon the fact that in actions brought by these plaintiffs against the Associated Press, in the United States circuit court, upon pleadings based upon the act of that defendant in causing this very publication to be made in the World and other newspapers, verdicts were obtained by the plaintiffs for substantial damages, and the judgments paid.   The question is not as to the right of a party affected by a libelous publication to recover in actions brought successively against persons who have republished, independently, the original libel.   It may be granted that, under these circumstances, a recovery against one does not impair the right of recovery against another or others.   Here the allegations of the defense disclose the fact that the plaintiff actually recovered damages in an action brought against the party then charged with being responsible for the publication, in this defendant's newspaper, of the libel in suit.   Damages were recovered not merely for the act of the Associated Press in communicating the matter to this defendant, independently of the publication, but for the injury done by the publication itself, which was alleged

to have been instigated by the Associated Press. This being the situation, there appears to be no escape from the conclusion that the plaintiffs, when prosecuting their actions against the latter corporation, elected to proceed, for the particular libel, against the party who was responsible, jointly with the present defendant, for the perpetration of the wrong, and, accordingly, that the satisfaction of the judgment then recovered operated to release this defendant, as a joint tort feasor, from further liability. The argument for the plaintiff is based upon authorities holding no more than that a recovery for one publication of a libel cannot be availed of, in mitigation of damages, by a defendant to an action brought by the same plaintiff for another and independent publication of the same libelous matter. This question is not involved in the present case, as I have said, and I know of no principle upon which a recovery may be had twice for injuries occasioned by one publication of a libel, although the publication has resulted from the wrongful acts of several persons. The settled rule is that but one recovery may be had for the wrong. Townsh. Sland. & L. § 119.

For the purposes of this motion, I have necessarily assumed the truth of the allegations of the defense in question, and the matter must be determined upon that assumption. The inquiry is whether the defense, as alleged, is sufficient in law as a defense by way of avoidance, and of a nature such as to render the service of a reply expedient to the trial of the cause. Accordingly, I cannot give weight to the assertion, made on behalf of the plaintiffs, that the defendant does not correctly set forth the contents of the pleadings and the nature of the proceedings had in the circuit court. Nor is the question affected by the fact that the plaintiffs may have evidence available in support of their contention that the act of this defendant was independent of the acts of the Associated Press. I am not to determine the issues tendered by this portion of the respective answers, and if the defense, apparently sufficient, may yet be avoided by new matter, the propriety of requiring a reply is the more obvious.

It is claimed that the defense does not go to the whole of the complaint in the action brought by the Union Associated Press, in that damages are therein claimed for the plaintiff's eviction from its offices by the defendant the Press Publishing Company. The contention is that the fact of the eviction is pleaded in support of the allegation of actual malice, unconnected with the tort of the Associated Press in communicating the matter in suit to this defendant, and thus is an element of damage which could not have been considered in the earlier action. The obvious answer is that, if the cause of action against this defendant has abated, the incidental claim for exemplary damages, which can follow only upon a successful prosecution of the action itself, must fail also, the loss to the plaintiff, in this situation, being traced solely to his unfortunate choice of a defendant among several joint tort feasors.

Reverting to the main question, I do not think that significance is to attach to the fact that in the case of the plaintiff Brewer

the article complained of in the circuit court action was set forth as appearing under headlines differing from those described in the present complaint. The plaintiff elected to recover in that action for the injury done him through the publication of the defamatory matter in the World, alleging that publication to have been substantially the same as in the form of the article then set forth in his complaint, and I find no warrant for holding that he may have a second recovery merely because his pleading in the first action, against this defendant's joint tort feasor, was in part inaccurate.

Motions granted.