UNION ASSOCIATED PRESS, Appellant, *v.* PERRY S. HEATH,
Respondent.

*Libel— transmission of a libelous article by a newspaper news agency — a distinct
publication from the publication thereof in the newspapers receiving it — the satis-
faction of a judgment in a suit to enforce the liability for the former, is not a bar to
one to recover for the latter publication.*

A publication charging a corporation engaged in collecting news and furnishing
it to newspapers, with obtaining such news by tapping the telegraph wires
used by a rival corporation, is libelous *per se,* and no special damages need be
alleged.

A news-collecting agency which transmits, to each of the newspapers to which it
furnishes news, a libelous article, which is published in each of such news-
papers, incurs two distinct liabilities : *First,* for the original publication, con-
sisting in the transmission of the article to the newspapers ; and, *second,* that
of a joint tort feasor with each newspaper which publishes the article; and the
recovery and satisfaction of a judgment obtained against the news-collecting
agency, in an action based upon the original publication, is not a bar to a sub-
sequent action against the publishers of a particular newspaper for the publi-
cation of the article therein.

In the present case the court, upon a consideration of the allegations of the com-
plaint in the action against the news-collecting agency, determined that the
action was based solely upon the publication of the article involved in sending
it to its correspondents, although such complaint alleged in a general way
that the article was published by a number of newspapers, two of which it
specified.

VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

APPEAL by the plaintiff, the Union Associated Press, from a
judgment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of New York on the 27th
day of March, 1899, upon the dismissal of the complaint by direc-
tion of the court after a trial before the court and a jury at the
New York Trial Term.

*Herbert H. Walker,* for the appellant.

*Malcolm R. Lawrence,* for the respondent.

INGRAHAM, J. :

The action was brought to recover damages for a libel which the
defendant had published, the complaint alleging that the plaintiff,

whose business was to collect news and furnish it to daily and other newspapers, had obtained such news from another corporation (known as the Associated Press, engaged in the same business) by tapping the wires used by the Associated Press. The complaint further alleges that, by reason of the publication of the said article by the defendant, the reputation of the plaintiff was greatly damaged, and the confidence which the public generally had theretofore reposed in it and in its reliability as a collector and purveyor of news was lost, and that persons who would have been customers of the plaintiff were prevented from becoming such; and that by reason of the premises the plaintiff sustained damage in the sum of $2,000.

The action came on for trial, and the defendant, to sustain a defense set up in the answer, proved that he received the article in question from the " Associated Press," and that the article as published was substantially as it was received; that the plaintiff had theretofore commenced an action against the " Associated Press" for publishing an article which contained substantially the same charges against the plaintiff, and had obtained a judgment against the Associated Press in that action, which judgment had been satisfied. Upon this evidence the defendant moved to dismiss the complaint on various grounds, one of which was that the recovery of the judgment, in the suit of the plaintiff against the " Associated Press " and the satisfaction of said judgment, is a bar to the present action. The court dismissed the complaint, relying upon the case of *Union Associated Press* v. *Press Pub. Co.* (24 Misc. Rep. 610).

The claim of the defendant, which was sustained by the court below, is that, by sending this article to each newspaper, the Associated Press became a joint tort feasor with each newspaper which received and published the news, and that thus the Associated Press became responsible with each particular newspaper which published the report, and was liable in a suit by the plaintiff for the damages sustained by it by virtue of each publication; and that when the plaintiff elected to sue the " Associated Press " for the libel published by it, it had the right to include in one action the damages that the plaintiff sustained in consequence of the report being sent to each newspaper by the " Associated Press," and thus, in one action, to make the Associated Press liable, not only for the injury

sustained in consequence of publication by sending the libel to each newspaper, but for the effect of the publication in each newspaper which accepted the report and published it.   The defendant does not claim that the separate publication by each newspaper made the publishers of each newspaper tort feasors with the publishers of other newspapers which also published the article.   There is no doubt that there would be a separate cause of action against the publisher of each newspaper which accepted from the Associated Press the article sent to it for publication and published it; but the plaintiff could not have joined in one action the cause of action against two or more individual newspapers for the separate publication of the item in their respective newspapers.

The act of the "Associated Press" thus involves several separate publications, for each of which it would be liable : *First*, the original publication of the article by sending it to its customers; and, *second*, its publication by the insertion of the article in each particular paper. The sending of this report or dispatch to the various newspapers that the "Associated Press" supplied with news would be a publication of the libel, although not a single newspaper printed the article ; and for that dissemination of a libel the "Associated Press" would be liable to the plaintiff.   A separate and distinct cause of action arises in favor of the plaintiff against the publishers of each newspaper that accepted the article and published it ; and for the damages sustained by such publication the Associated Press would be liable as a joint tort feasor with each newspaper thus publishing the libel ; but this last liability of the "Associated Press" is entirely distinct from that which it incurred by the publication of the libel in sending it to each of its correspondents.   The plaintiff could no more join in one action against the Associated Press the different causes of action which arose because of the successive publications in different newspapers than it could join in one action the several causes of action against the owners of the several newspapers that published the libel.

Upon turning to the complaint in the action against the "Associated Press" it does not appear that the cause of action there sued on was other than the cause of action for the publication of the libel by sending the same to the various newspapers that it supplied with news.   By the 8th paragraph of such complaint it is alleged that on

FIRST DEPARTMENT, MARCH TERM, 1900.          [Vol. 49.

or about January 14, 1895, " the defendant, through its agents and employees, composed and *sent out* for publication to a large number of newspapers in various parts of the United States, and communicated to various persons the article set forth in the ninth paragraph of this amended complaint, and caused the same to be published of and concerning plaintiff, as hereinafter set forth." By the 11th paragraph of the complaint it is alleged that " said article was transmitted by the defendant to a large number of newspapers throughout the United States, and was published by them. including a certain newspaper known as the Chicago ' *Evening Post*,' published in Chicago, Illinois.; and that, at the time said article was published by the defendant, the defendant knew and intended that the same should be read by a large number of persons throughout the United States, including the owners, proprietors and managers of the various newspapers supplied with news by the plaintiff, as aforesaid, and by the owners, proprietors and managers of other newspapers acquainted with the said Brewer, said Rothschild and this plaintiff, who, at said times, knew that the said Rothschild and the said Brewer were officers and stockholders in the plaintiff." And by the 12th paragraph of the complaint it is alleged that " said article was published in a newspaper known as the ' *World*,' issued in the city of New York, and in various other newspapers, and as so published charged in effect that plaintiff and said Brewer stole news of the defendant by tapping its wires, and that the said Brewer was a notorious wire tapper." By the 14th paragraph of the complaint it is alleged " that by reason of the publication of the said article by the defendant, and its being read as aforesaid, the credit of the plaintiff was greatly damaged, the confidence which had theretofore been reposed in the plaintiff and in the said Brewer and the said Rothschild and in plaintiff's reliability as a news agency by its customers and by newspaper publishers, editors and proprietors generally was lost ; plaintiff lost customers and persons who would have become customers of plaintiff were prevented from becoming such ; plaintiff's business fell off, its income was lessened, its reputation and standing as a reliable news agency was greatly injured, and its business greatly interfered with."

I think it follows from these allegations that the complaint alleged but a single cause of action, namely, to recover the damages sus-

tained in consequence of the publication by the defendant of this libel by sending it generally to its correspondents.    The special damage alleged was that, by reason of the publication of the article by the defendant (not by the various newspapers to which it was sent), and its being read as aforesaid, the plaintiff was damaged.    This would be the natural result of sending out this article to the newspapers. The only two special publications in newspapers alleged in this complaint are in the New York *World* and in the Chicago *Evening Post ;* and while it was alleged generally that this article was published by other newspapers, such general allegations would hardly be deemed sufficient to allege a separate cause of action as against each newspaper that published the libel, and that the plaintiff in that action sought to recover damages caused by the publication of the article in each separate newspaper.    The allegations of the complaint in that action are sufficient to state a cause of action against the defendant for publishing the libel by sending it to the various newspapers, while they are certainly not specific enough to allege a cause of action against each separate newspaper that published the article when such newspapers are not named.    The publication of the libel in each newspaper was a separate and distinct wrong which gave to the plaintiff a separate and distinct cause of action, and if several persons united in the publication in each separate newspaper a tort was committed by each of them, for which each is severally liable to the plaintiff, but for which the plaintiff would be entitled to but one satisfaction.    "*A fortiori,* where a libel had been published against the plaintiff by different persons at different times, he is entitled not only to pursue each publisher, but to recover whatever damages the jury may think that each publication may have caused him.    Each libel is a separate and distinct tort, and each person who sees fit to publish it is separately liable to the plaintiff for whatever damages may be fairly said to accrue.    If 100 persons at 100 different places make 100 separate publications of a libel in 100 different newspapers, the fact that this simultaneous action of all of them has ruined the plaintiff's character is no reason why one of them when sued for it should shelter himself behind the acts of the other 99.    *    *    *    The true rule is and must be, that whoever publishes a libel publishes it at his peril, and he cannot mitigate his damages because some other reckless or evil-disposed

person has incurred the same liability that he has for the same story. * * * The acts of other publishers were independent acts, which, so far as this defendant was concerned, were no protection to him, and the injuries inflicted upon the plaintiff by them did not redound to the defendant's benefit." (*Palmer* v. *N. Y. News Publishing Co.*, 31 App. Div. 212.) In *Woods* v. *Pangburn* (75 N. Y. 498) the same principle is applied. There one Hilton published a libel for which he was sued and a recovery had. There were subsequently published in the same newspaper two other articles concerning the plaintiff. He then brought his action for libel against the defendant upon five causes of action, the publications being the same alleged in the action against Hilton, and also the other publications. The court, after stating the general rule that two may join in one wrongful act and the injury be single, though their act be joint, and that there can be but one satisfaction therefor, though there may be two actions brought and a recovery in each, said : " But it may be queried whether there was not, in this case, more than a single injury. Though the libel may be the same, that is, be an allegation of the same defamatory matter ; yet a different publication will give another cause of action. * * * Every publication must then be regarded as a new and distinct injury. If, after a recovery and satisfaction for one slanderous utterance or libelous publication, the same tort-feasor repeat the wrong by the utterance or the publication again of the same defamatory matter, there is a new injury and another cause of action, and there may be another recovery and satisfaction from him. * * * So, if, after a recovery against two jointly or severally for a wrong, one of them do again the like wrong, there may be another recovery, and a satisfaction of the former recovery is not a satisfaction of the latter."

Here the " Associated Press " published the libel by sending it to its correspondents. For that publication an action was brought and recovery had. The defendant, as publisher of a newspaper, to whom the Associated Press had sent the libel, republished the same defamatory matter, and to recover for such publication this action was brought. Each of these publications was a new and distinct injury, and for it the plaintiff was entitled to maintain a distinct action. A satisfaction of a judgment recovered in one action would not, it seems to me, be a satisfaction of the others. It could not,

therefore, be fairly said that a recovery in an action against the Associated Press was a recovery for the damages sustained by the publication in each newspaper in the United States which had received this article from the Associated Press and published it; but that a cause of action arose in favor of this plaintiff against each newspaper which published the article for each separate publication, and a general cause of action which alleged the sending of the article to the various newspapers, but alleged no damage because of the publication of the article in the various newspapers, could not be held to include the damages sustained because of each separate publication by the newspapers which had received and published it. It follows that the satisfaction of the judgment in the action brought by the plaintiff against the Associated Press was not a satisfaction of this cause of action to recover for the independent publication of the libel by the defendant.

The defendant also seeks to sustain this dismissal upon the ground that the article complained of is not libelous *per se* as to the plaintiff, and hence that special damage should have been alleged and proven; and that as no such allegation was alleged and proved, the complaint was properly dismissed. It is now settled, however, that a corporation may sue for any libel upon it as distinct from a libel upon its individual members, and that a corporation engaged in business may maintain an action for libel without proof of special damage where the language used concerning it is defamatory in itself and injuriously and directly affects its credit and necessarily and directly occasions pecuniary injury. (13 Am. & Eng. Ency. of Law [1st ed.], 448, and cases there cited; *Mutual, etc., Assn.* v. *Spectator Co.,* 50 N. Y. Super. Ct. 460.) This libel in question charged the plaintiff as a business corporation or association with stealing the dispatch from the Associated Press by means of tapping wires used by the Associated Press for sending its news messages, and is thus a direct attack upon its business methods, and, if believed, necessarily injures its business; and the complaint alleges that by "reason of the publication of said article by the defendant and its being read, as aforesaid, the reputation of the plaintiff was greatly damaged, and the confidence which theretofore had been reposed in it and in its reliability as a collector and purveyor of news, as aforesaid, by the public generally was lost, and persons who

would have been customers of plaintiff were prevented from becoming such." This allegation was clearly libelous *per se*, and made the defendant liable for the injury to the plaintiff's business, without proof of special damage.

It follows that the complaint was improperly dismissed, and the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

This action was brought to recover damages alleged to have been sustained by the publication of an article in a newspaper known as the Cincinnati *Commercial Gazette*.

The article referred to was made a part of the complaint, and, in substance, charged the plaintiff with stealing news from the Associated Press, a rival corporation, engaged in the same business, by tapping its telegraph wires.

The answer — among other defenses pleaded — alleged that the plaintiff, prior to the commencement of this action, brought an action in the Circuit Court of the United States for the southern district of New York against the Associated Press, to recover damages for the publication by the defendant of the article referred to, and in that action a recovery was had by the plaintiff and the judgment was thereafter paid and satisfied, and that the recovery and satisfaction of the judgment in that action precluded the plaintiff from a recovery in this one.

At the trial, the defendant, to sustain this defense, proved that at the time of the publication of the article referred to, the Cincinnati Commercial Gazette Company published a daily newspaper, of which the defendant was the editor ; that it was a subscriber to the Associated Press, and, as such, received from it, by telegraph, the article, and the following day published it verbatim, as received, adding only the headlines. He then offered in evidence the judgment roll in the action in the United States Circuit Court, and proved the payment and satisfaction of that judgment.

At the close of the evidence, the defendant's counsel moved to

dismiss the complaint, upon the ground, among others, that the recovery of the judgment in the United States Circuit Court was for and included the damages sought to be recovered in this action, and that that recovery precluded a recovery here. The motion was granted and judgment was thereafter entered, dismissing the complaint, from which the plaintiff has appealed.

The defendant contends, and his contention was sustained in the court below, that he and the Associated Press were joint tort feasors as to the publication in the Cincinnati *Gazette* of the article set out in the complaint; and if he is right in this, then it necessarily follows that the complaint was properly dismissed and that the judgment appealed from must be affirmed. That a libel may be the subject of a joint action cannot, we think, be seriously questioned. The author, the publisher, the seller and every other person who knowingly does the wrong is liable, and an action can be maintained against them, either jointly or severally. (*Youmans* v. *Smith*, 153 N. Y. 214; *Thomas* v. *Rumsey*, 6 Johns. 26; 2 Add. Torts, 364; Townsh. Sland. & Lib. § 119.)

These authorities, and many others that might be cited, are sufficient to show that a libel may be the subject of a joint action, but we do not understand that it is seriously contended by the appellant's counsel that such is not the law. He urges, however, that the Associated Press and the Cincinnati *Commercial Gazette* are not jointly liable, because it was not the same publication, and, therefore, the recovery against the Associated Press does not preclude the recovery against this defendant. The Associated Press, it will be remembered, composed the article and sent it to the *Gazette*, its subscriber, as news to be published in that paper. It necessarily knew and intended that the article should be published in the *Gazette*, and read by its patrons. It sent the same article, it is true, to the New York *World*, the Chicago *Evening Post*, and other newspapers, and the same was published in those papers. This, of course, did not make the *World* and the *Post*, or any of the other papers, jointly liable with the *Gazette*, but the publication in the *Gazette*, having been sent with the intent that it should be there published, made the Associated Press and the *Gazette* jointly and severally liable to the plaintiff for all the damage which that publication caused him. It cannot be otherwise. The act, in sending

the article for publication with the intent that the same should be published, and the publication constitute a single wrong and the plaintiff had the option to pursue either the Associated Press, the *Gazette,* or both. He could sue them either jointly or severally. He could hold one or both responsible for all the damages sustained by him, but the recovery and satisfaction of a judgment against one would preclude the recovery and satisfaction of a judgment against the other. The payment in full of damages sustained by·reason of a single wrong by one, no matter how many may be individually liable for it, is a complete and perfect satisfaction as to all. One payment wipes out and completely destroys or atones for the wrong, by substituting in its place a moneyed compensation. (*Palmer* v. *N. Y. News Pub. Co.,* 31 App. Div. 210 ; *Woods* v. *Pangburn,* 75 N. Y. 495 ; *Knapp* v. *Roche,* 94 id. 329 ; *Lord* v. *Tiffany,* 98 id. 412.)

It is undoubtedly true that the sending of the article by the Associated Press to its correspondents with the intent that the same should be published, constituted a publication of it to such an extent that the Associated Press would be liable, but that was not the cause of action alleged in the action in the Circuit Court. On turning to the complaint in that action it will be found that the action was brought to recover damages, not for sending the article to its correspondents, but because its correspondents *published* and *circulated* the article. Thus, in that complaint, it was alleged :

" *Eighth.* That on or about January 14th, 1895, the defendant * * * sent out for publication to a large number of newspapers in various parts of the United States, and communicated to various persons, the article set forth in the ninth paragraph of this amended complaint, *and caused the same to be published* of and concerning plaintiff, as hereinafter set forth, * * * .

"*Eleventh.* That said article was transmitted by the defendant to a large number of newspapers throughout the United States *and was published by them* * * * and * * * defendant knew and intended that the same should be read by a large number of persons throughout the United States, * * * .

"*Twelfth.* That said article was published in a newspaper known as The ' *World,*' issued in the city of New York, and in *various other newspapers* and *as so published,* charged in effect, that plaintiff

and said Brewer stole news of the defendant by tapping its wires, and that the said Brewer was a notorious wiretapper.

"*Fourteenth.* That by reason of the publication of the said article by the defendant, and its being read as aforesaid, the credit of the plaintiff was greatly damaged  \*  \*  \*  ."

It is thus seen that the complaint in that action charged the defendant The Associated Press with having sent the article to its subscribers for publication; that it was published by them, and by reason of the *publication* the plaintiff had been damaged. For this, the Associated Press was held liable. Damages were recovered in that action, because of the fact that the Associated Press sent the article to various newspapers for publication, and they published and circulated it. The complaint certainly was broad enough to admit evidence that the article was published by the Cincinnati *Commercial Gazette.* Plaintiff could have proved that fact upon the trial, for the purpose of enhancing his damages. The publication of the libelous article by the Cincinnati *Commercial Gazette,* or any other newspaper, made it and the Associated Press joint wrongdoers, and when the plaintiff selected the author of the article (the Associated Press), brought an action and recovered a judgment, that judgment, when paid, was in full satisfaction, for the entire wrong, of all of the damages which the plaintiff had sustained by the entire publication. If this conclusion be correct, then it necessarily follows that the recovery and payment of the judgment in the action in the United States Circuit Court was a complete defense to this action, and for that reason the complaint was properly dismissed.

It follows that the judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.