Margaretta Killham et al., Appellees, v. James Chaloupka, Appellant.

Gen. No. 20,904.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

## Statement of the Case.

Action of trespass on the case by Margaretta Killham, Mabel Killham, Mary Killham, George Killham, Henry Killham, Sarah Killham, Ethel Killham, Raymond Killham and Alfred Killham, minors suing by their mother, Margaretta Killham, as next friend, against James Chaloupka, under the Dramshop Act, sec. 9 (J. & A. ¶¶ 4600-4655 inc.), to recover damages for injuries to their means of support by reason of the intoxication of George Killham, husband and father of said plaintiffs, caused in whole or in part by the sale to him of intoxicating liquors by the defendant. From a judgment for plaintiffs for $1,500, defendant appeals.

The evidence offered on behalf of the plaintiffs showed that George Killham, the husband and father of the plaintiffs, commencing in the year 1906, had for five years been employed by the federal government in the post-office department, at first receiving an annual salary of $600, which was gradually increased until the summer of 1911, when he was receiving $1,100 per year; that if the said George Killham had continued

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in his position another year his salary would have been increased to $1,200 per year; that during said period he was in the habit of frequenting the saloon of the defendant, buying liquor and becoming intoxicated thereby; that by reason of said intoxication he was, during these various years, absent from his work a great part of the time, during some years being absent as much as two or three months; that according to the records of the post office, admitted in evidence on behalf of the defendant, Killham was absent from work 242½ days, whereby he lost in pay the sum of $654, which record further showed that in the year 1911 alone, up to August 19th, when Killham resigned from the service, he was absent 99 days, 60 of which were immediately prior to his resignation; that the said Killham, when asked why he resigned, testified:

"Why, I was not able to work. I was—my nerves was all gone from drinking and I thought it best to resign because I thought I would get discharged anyway."

The evidence further showed that it was customary for him to turn all his money over to his wife, with the exception of a few dollars which he withheld to defray personal expenses; that at the time suit was brought, all the children who are plaintiffs in this action were minors, but that one had become of age prior to the time of the trial of the case; that notice had been served upon the defendant by Mrs. Killham early in 1908, and on several occasions thereafter, not to sell her husband intoxicating liquors; that during the year 1908 Gertrude Ivers, a daughter of George Killham, had read to defendant a notice in writing not to sell George Killham any intoxicating liquors. The testimony of the plaintiffs also shows that from December 24, 1913, up to the trial of this case, May, 1914, he contributed to the support of the plaintiffs the sum of only $18; that during September, 1913, he was in a place known as the Washingtonian Home; and that Mar-

garetta Killham, his wife, and one of the plaintiffs worked two days each week doing general housework to support herself and family, and was also compelled to accept assistance from the United Charities and the county authorities.

Defendant, testifying in his own behalf, disclaimed any acquaintance with Killham before the spring of 1909, and stated further that while in his saloon, Killham never drank to excess; that he never at any time sold him enough liquor to produce intoxication, nor did he recollect ever having seen Killham inebriated. He denied ever having seen Mrs. Killham at his place of business or that he had ever received any notice from either her or anyone else, not to sell liquor to the said Killham. He further testified that the first time he received or heard of any such notice was in 1911, about three weeks before the beginning of this suit, when defendant's partner, one Taluzek, told him that notice had been given, following which no more liquor was sold to Killham.

Taluzek, the partner, testified that Killham never took more than a few small drinks at any one time, and that he never saw Killham intoxicated either in the saloon or elsewhere, and that the first time he received notice not to sell Killham any liquor was in August, 1911. Another witness, who at one time tended bar in defendant's place for about three weeks, and who lived in the neighborhood, stated he had never seen Killham drink to excess in the saloon of defendant, nor had he ever seen him intoxicated at any time, but that he had often seen Killham take two or three small drinks of liquor in the morning.

The defendant complained of the following instruction:

"The court instructs the jury that if they find from the evidence that plaintiff, Margaretta Killham, did serve notice on defendant, or any of his agents, asking defendant not to sell liquor to her husband, George E.

Killham et al. v. Chaloupka, 195 Ill. App. 182.

Killham, and that defendant failed to comply with said notice, then if you find from the evidence that plaintiffs are entitled to damages you may assess exemplary damages for the failure of defendant to comply with said notice.''

LACKNER, BUTZ, VON AMMON & JOHNSTON, for appellant.

SAMUEL W. NORTON, for appellees.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 187*—*when minor children entitled to recover under Dramshop Act.* Minor children are entitled to recover damages for injuries to their means of support by reason of the intoxication of their father under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), although the mother is able to support them, as the act is intended to protect the family of a drunkard against immediate or probable want of support.

2. INTOXICATING LIQUORS, § 208*—*what evidence not admissible in action under Dramshop Act.* Evidence that a drunkard frequented other saloons is inadmissible on the question of damages, in an action by the wife and children for damages for injuries to their means of support by reason of intoxication, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), where the wife objected to the sale of intoxicating liquors to the husband, as an action may be maintained against one or all of the persons selling intoxicating liquors to a drunkard for the entire loss, and a recovery and satisfaction against one constitutes a bar to a recovery against another who may have contributed in causing the same intoxication.

3. JUDGMENT, § 460*—*judgment under Dramshop Act against one liquor seller as bar to judgment against another.* A recovery and satisfaction against one person selling liquor to a drunkard, in an action by the wife and children for damages for injuries to their means of support, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), constitutes a bar against another who may have contributed in bringing about the same intoxication.

4. INTOXICATING LIQUORS, § 189*—*liquor sellers' joint and several liability under Dramshop Act.* Under the Dramshop Act (J. & A. ¶ 4609), the wife and minor children of a drunkard have the right

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sue either one or all of the persons who sold the husband and father intoxicating liquor, for damages for the entire injury to their means of support.

5. INTOXICATING LIQUORS, § 232*—*inequality of interest of plaintiffs in damages recoverable in action under Dramshop Act.* The amount of damages recoverable in a joint action by the wife and children of a drunkard, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), is not limited to the period that all the plaintiffs have an equal interest in the whole of the recovery, and even if one of the children marries and is no longer dependent upon the father, the jury may determine from the evidence the extent to which each of the plaintiffs is injured up to the time of trial, and return a verdict for the gross amount.

6. INTOXICATING LIQUORS, § 232*—*damages recoverable in action under Dramshop Act not required to have accrued prior to bringing of action.* In an action by the wife and minor children of a drunkard for damages for injuries to their support, due to the intoxication of the husband and father, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), a recovery may be had for all damages accruing to the plaintiffs which naturally and proximately proceeded from such intoxication, although a part thereof accrued after the commencement of the suit.

7. INTOXICATING LIQUORS, § 251*—*when instruction in action under Dramshop Act not prejudicial.* In an action by the wife and minor children of a drunkard, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for injuries to their means of support due to the intoxication of the husband and father, an instruction to the effect that although the evidence as to damages resulting from injury to the plaintiffs' means of support were indefinite, still the jury should establish the damages from such evidence pertaining thereto as was before them, *held* not to be prejudicial in the light of other instructions, and because of the fact that the amount of the verdict showed that the jury did not speculate as to the damages.

8. INTOXICATING LIQUORS, § 250*—*when instruction in action under Dramshop Act not misleading.* In an action by the wife and minor children of a drunkard, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for injuries to their means of support due to the intoxication of the husband and father, an instruction to the effect that if the jury found from the evidence that the wife served notice on the defendant or his agents not to sell liquors to the husband and that defendant failed to comply with said notice, then, if they found from the evidence that the plaintiffs were entitled to damages, exemplary damages might be assessed for failure to comply with said notice, *held* not misleading as authorizing the awarding of exemplary damages although no actual damages resulted after the giving of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

notice, because of the fact that the word "actual" was omitted before the word "damages."

9. INTOXICATING LIQUORS, § 249*—*when instruction in action under Dramshop Act not prejudicial.* In an action by the wife and minor children of a drunkard, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for injuries to their means of support due to the intoxication of the husband and father, an instruction to the effect that there could be a recovery for injuries to the person as well as to the means of support, *held* not prejudicial where the court in eighteen other instructions had charged the jury that a recovery could be had only for damages for injuries to their means of support.

10. INTOXICATING LIQUORS, § 245*—*when verdict in action under Dramshop Act not excessive.* In an action by the wife and minor children of a drunkard, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages to their means of support due to the intoxication of the husband and father, a verdict for $1,500 *held* not excessive.

11. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence will not be disturbed.* Where there is a conflict in the evidence, the verdict of the jury on questions of fact will not be disturbed unless such verdict is manifestly and clearly against the weight of evidence.