ANNA SARINE and WESLEY SARINE, Respondents, *v.* AMERICAN LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellant.

Second Department, February 19, 1940.

*William A. Mayo*, for the appellant.

*David Fishman*, for the respondents.

HAGARTY, J. Alleging recovery of a judgment by them on the 26th day of October, 1938, against one Charles J. Maher in the sum of $4,172.74 " for damages suffered by the plaintiffs as a result of the negligent operation " of Maher's automobile, plaintiffs

predicate their present action against defendant for that amount, with interest, upon a policy insuring said Maher against liability issued by the defendant and in force and effect at the time of the happening of the accident on the 28th day of May, 1935.

The appellant has abandoned its appeal as to the striking out of the third and fourth affirmative defenses. A fifth defense which also is not the subject of this appeal, but which goes to the merits, is that liability was not within the scope of the policy of insurance as the automobile, at the time, was being operated for hire. This leaves for consideration the sufficiency of the first and second separate defenses.

The first defense, pleaded as a complete defense, is that the policy in suit was issued, not only on behalf of Charles J. Maher, but any one legally operating the automobile with his permission, and by it the defendant agreed to pay all sums which the said named insured or such operator should become liable to pay by reason of the ownership, maintenance or operation of the automobile; that at the time of the accident one William Maher, a brother of the named insured, was operating the insured automobile, and that on the 17th day of December, 1937, and prior to the judgment on which this action is predicated, plaintiffs obtained a judgment against William Maher, the operator, in the sum of $1,428.24, which fixed and determined defendant's liability under the policy, and that it is not liable to the plaintiffs for the judgment which is the subject of this action. In its second defense the appellant again sets forth the two judgments and pleads that by the action and judgment against William Maher the plaintiffs made an election as to the party whom they intended to hold liable for the damage suffered by them; that the court had no jurisdiction to render the judgment against Charles J. Maher and, therefore, that the judgment upon which this action is predicated is void.

Liability of the operator is predicated upon his own negligence; liability of the owner exists solely because of statutory enactment. (Vehicle and Traffic Law, § 59; *Gochee* v. *Wagner*, 257 N. Y. 344, 346, 347.) The owner's liability " is derivative and is akin to that imposed on a master for the negligent acts of his servant under the doctrine of *respondeat superior*." (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 17.) In an action by or against operator or owner, determination of the issue of negligence favorable to either is res *judicata* and a bar to the maintenance of an action against the other even though that other was not a party. (*Good Health Dairy Products Corp.* v. *Emery, supra; Wolf* v. *Kenyon*, 242 App. Div. 116.) There is merit in the contention that but one day in court should be afforded a plaintiff who may join both operator

and owner in a single action, as theirs is a liability which must be considered as that of one tort feasor and is a consolidated or unified one. (*Martindale* v. *Griffin*, 233 App. Div. 510; affd., 259 N. Y. 530. See *McNamara* v. *Chapman*, 81 N. H. 169; 123 A. 229; *Betcher* v. *McChesney*, 255 Penn. St. 394, 398, 399; 100 A. 124.) But the applicability of section 232 of the Debtor and Creditor Law may not be avoided, viz.: "A judgment against one or more of several obligors, * * * shall not discharge a co-obligor who was not a party to the proceeding wherein the judgment was rendered." The term "obligor" includes a person liable for a tort. (Debtor and Creditor Law, § 231.) Both owner and operator are each liable in full for the tort and, therefore, the statute plainly includes them. For that reason, it is necessary to hold that the second defense is insufficient and that rendition of judgment against the operator is not a bar to the maintenance of an action and recovery of judgment against the owner.

Defendant's liability, however, is measured by the judgment first obtained. It is well settled that as to joint tort feasors, though actions are maintainable separately against each, payment of either judgment so recovered constitutes satisfaction of the wrong and of all outstanding judgments predicated thereon. Intimations may be found in earlier authority that plaintiff may elect which of two or more judgments he will enforce, dependent upon his issuance of execution. (*Livingston* v. *Bishop*, 1 Johns. 290; *Thomas* v. *Rumsey*, 6 id. 26.) Such reasoning is fallacious. Payment of one judgment operates to satisfy all. (*Russell* v. *McCall*, 141 N. Y. 437, 455; *Breslin* v. *Peck*, 38 Hun, 623; *Foy* v. *Barry*, 159 App. Div. 749.) Plaintiffs have no election. Any judgment debtor, upon rendition of judgment against him, is entitled, as a matter of right, to have it satisfied of record upon payment. (Civ. Prac. Act, § 530, subd. 4.) All authorities agree that there may be but one satisfaction. It matters not whether that satisfaction be accomplished with or without the acquiescence of the judgment creditor.

Satisfaction of the smaller judgment, then, will serve to satisfy the larger judgment as well. If, as alleged in the answer, the policy provides for liability of the insurer not only on behalf of the owner but also of the operator, a complete remedy against the insurer was afforded the injured persons upon rendition of judgment against the operator. (Insurance Law, § 109.) The appellant is entitled to show that by the terms of its policy, the parties thereto contemplated payment of no more than a sum of money sufficient to discharge liability. Section 109 of the Insurance Law contemplates no greater recovery. While section 232 of the Debtor and Creditor Law permits plaintiffs to shop about at more than one

forum and procure judgments varying in amount for the same wrong, if, as appellant contends, its contractual liability is to be measured by a sum no greater than that necessary to discharge the obligation, such liability, in practical effect, is fixed and measured by the smaller judgment. This is so regardless of the precise judgment upon which this action is predicated. In the light of the fact that plaintiffs were entitled to procure both judgments and that the owner and the operator of the automobile are insured by the appellant, the first defense is not a complete defense and as such is insufficient. The action may be defended on the merits under the fifth defense, but recovery, nevertheless, limited to the amount of the first judgment by a proper pleading.

The order in so far as appealed from should be affirmed, without costs, with leave to appellant to plead over within ten days from the entry of the order hereon, if so advised.

LAZANSKY, P. J., and CLOSE, J., concur; ADEL, J., with whom JOHNSTON, J., concurs, in memorandum concurs for affirmance of the order striking out the first and second defenses; but dissents from that part of the decision which grants leave to defendant to plead over, if so advised, so as to allege that the first judgment fixed and limited the amount of the insurer's liability.

ADEL, J. (dissenting in part). In so far as the decision recommends affirmance of the order striking out the first and second defenses I concur. Leave to plead over so that it may be alleged that the first judgment fixed and limited the amount of the insurer's liability should not be granted. In my opinion the mere recovery of the first judgment does not bar a suit against the defendant in the second action nor reduce the amount of the recovery therein as long as the first judgment remains unsatisfied. (Debtor and Creditor Law, § 232. See, also, Civ. Prac. Act, § 112-a, which, however, postdates the cause of action sued on.) The actual satisfaction of either judgment will discharge the other. (*Collins* v. *Smith*, 255 App. Div. 665.)

The appellant is the insurer of the liabilities of both defendants. I can find no more warrant in law for holding that the dollar amount of its liability was fixed and limited by the first judgment than was such liability fixed and limited by the second judgment.

JOHNSTON, J., concurs with ADEL, J.

Order, in so far as appealed from, affirmed, without costs, with leave to appellant to plead over within ten days from the entry of the order hereon, if so advised.