**J. F. Martin Cartage Company, Appellee, v. Dempster Bros., Inc., Appellant. Thomas G. Dempster and H. Schiner.**

**Gen. No. 41,559.**

Heard in the third division of this court for the first district at the December term, 1940. Opinion filed June 25, 1941.

James A. Dooley, of Chicago, for appellant.

Harold Corey, of Chicago, for appellee; Erwin M. Pearl, of Chicago, of counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

Defendant Dempster Bros., Inc., brings this appeal from a judgment entered against it in favor of plaintiff J. F. Martin Cartage Company for $300, and said judgment found the defendants Thomas G. Dempster and H. Schiner not guilty. The action was one in tort for damages alleged to have been sustained by plaintiff as the result of a collision between its truck and that of the defendant Dempster Bros., Inc., while the latter vehicle was being driven by the agent of Dempster Bros., Inc., one H. Schiner (also called Scheuer) who was also a defendant. A counterclaim was filed by Dempster Bros., Inc.

Plaintiff's theory of the case is that while its truck driver was in the course of due care for its safety, its truck was damaged through the negligence of one Harold Scheuer, also a defendant and employee of either Thomas Dempster or Dempster Bros., Inc., while said Harold Scheuer was acting in the course of his employment by either Thomas Dempster or Dempster Bros., Inc., and that plaintiff proceeded under the doctrine of *respondeat superior*.

The theory of the defendant Dempster Bros., Inc., is that since there was a verdict and judgment entered in favor of Harold Scheuer, its servant, it is hereby exonerated under the doctrine of *respondeat superior;* that since this judgment in favor of Harold Scheuer was not appealed from, it is a bar to any further action against this defendant, and hence there can be no second trial of this case.

From the foregoing it appears that both plaintiff and defendant are proceeding under the doctrine of *respondeat superior* and argue that the negligence of

the defendant Scheuer is chargeable to his employer Thomas Dempster or Dempster Bros., Inc. Inasmuch as the judgment in favor of Harold Scheuer was not appealed from, that judgment is final. This brings us to the question as to whether or not the defendant Dempster Bros., Inc. could be found guilty, although its agent who was actually driving the truck and performed the acts which it is charged caused the damage, is found not guilty.

A somewhat similar case was decided by this court in 1934, being Appellate Court Gen. No. 37,253, which was not reported in full and which is entitled, *Greenberg v. Chicago Cab Co.*, 274 Ill. App. 666 (Abst.). In that case an action was brought against the Chicago Cab Company and Leon Edell, to recover damages for personal injuries claimed to have resulted from a collision between an automobile in which plaintiff was riding, and a cab belonging to the defendant cab company and driven by defendant Edell, at the intersection of LaSalle and Division streets, Chicago. The jury returned a verdict finding defendant Chicago Cab Company guilty and assessing plaintiff's damages at $21,250, and finding defendant Edell not guilty. Judgment was entered on the verdict and the cab company prosecuted a writ of error. In discussing the question of the liability of the defendant cab company, this court in that case said:

"Defendant contends the basis of plaintiff's case was the negligence of the driver of the taxicab, and therefore defendant could be held liable only under the doctrine of *respondeat superior;* that since the jury by its verdict found the driver of the cab not guilty and judgment having been entered on the verdict and no appeal having been taken, the judgment is conclusive in favor of the defendant cab company. It is obvious that if the driver of the cab was not guilty of negligence in driving the cab at the time in question, the defendant cab company could not be held liable on the

doctrine of *respondeat superior*. *Chicago Tel. Co. v. Hayes*, 121 Ill. App. 313; *Anderson v. West Chicago St. R. Co.*, 200 Ill. 329; *Billstrom v. Triple Tread Tire Co.*, 220 Ill. App. 550.''

So, in the instant case, the defendant Dempster Bros., Inc., could not be guilty and, at the same time, their agent and servant be found not guilty. It necessarily follows that the trial court committed error in entering judgment against the defendant Dempster Bros., Inc.

For the reasons herein given the judgment of the municipal court entered against Dempster Bros., Inc., is hereby reversed and judgment is entered here for costs against plaintiff.

*Judgment reversed and judgment here.*

BURKE, P. J., and HEBEL, J., concur.