Hilda B. Martin, Appellee, v. 1600 Hinman Avenue Corporation et al., Defendants. 1600 Hinman Avenue Corporation, Appellant.

Gen. No. 44,657.

Opinion filed November 21, 1949. Released for publication December 2, 1949.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellant; EDWARD R. ADAMS and HERBERT C. DE YOUNG, both of Chicago, of counsel.

ROYAL W. IRWIN, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant 1600 Hinman Avenue Corporation, hereafter called Hinman, appeals from a judgment for $35,000 entered on a verdict of guilty in a personal

injury action in which judgment was entered for its codefendant, Public Service Company of Northern Illinois, hereafter called Public Service, on a verdict of not guilty. No appeal has been taken from the latter judgment.

Hinman owned, maintained and operated an apartment building in which plaintiff and her husband were tenants. After occupying other apartments for several years they moved into apartment H-2 on May 1, 1935. Plaintiff lived in that apartment until she sustained the injuries hereafter mentioned. In August 1935, Hinman installed in the apartment a new gas stove for cooking. Public Service supplied the gas which Hinman furnished its tenants. November 3, 1937, plaintiff was severely burned. She testified that her injuries were caused by an explosion of gas as she was lighting the oven of the stove in her apartment. Plaintiff brought suit, basing her action on the charge, as stated in paragraph 5 of her complaint, that on and prior to February 6, 1937, complaint was made to Hinman by and on behalf of plaintiff's husband, lessee, concerning the improper adjustment of the gas attachments to the stove in plaintiff's apartment and that on or about that date Public Service, by and through its servants, at the request and direction of Hinman, caused the stove and all its valves and adjustments and the parts thereof to be improperly adjusted, fixed and regulated, so that an improper proportion of air and gas was supplied to the oven in the stove. Each defendant answered denying the repair or adjustment of the stove.

Plaintiff testified that her stove was repaired and adjusted in February 1937, by Henry M. Robertson, who wore a Public Service badge. Robertson, called as a witness by plaintiff, testified that in 1937 he was employed by Public Service as a gas appliance repairman and was known as a trouble shooter; that he had

127

no recollection of having repaired a gas stove in the Hinman building at any time; that the records of his company, consisting of a customer's ticket and a serviceman's field report of work done, signed by him, each dated February 6, 1937, did not refresh his recollection. These records show that Robertson had adjusted a stove in apartment E-2—not H-2—in the Hinman building on that date, the request for such adjustment having been made by an agent of Hinman. At the request of Public Service the jury was instructed that if it believed and found from the evidence that Robertson had not at any time repaired or adjusted the stove in plaintiff's apartment, or, if it believed and found that Robertson did make such repairs and adjustment but that the repairs and adjustment did not cause nor produce the occurrence in question and plaintiff's resulting injuries, then in either case the jury should find the Public Service not guilty. On return of the verdict of not guilty as to Public Service, plaintiff moved for a new trial as to that defendant. This motion was denied and judgment was entered for Public Service. Plaintiff has not appealed. Hinman filed a motion for a new trial, assigning among other grounds the inconsistency of the verdict against it and the verdict for Public Service. Plaintiff then amended paragraph 5 of her complaint by eliminating all reference to Public Service and alleging that Hinman, ''by and through its servants, did cause the said stove and all its valves and adjustments and the parts thereof to be improperly adjusted, fixed and regulated, so that an improper proportion of air and gas were (was) supplied to the oven in said stove.'' Hinman's motion for a new trial was denied. Judgment was entered against it. It appeals and contends that its liability, if any, is under the doctrine of *respondeat superior* for the negligence of Public Service, through its agents, in repairing or adjusting

plaintiff's stove; that the jury, having found Public Service not guilty, the verdict against Hinman cannot stand. In support of this contention it cites *Kelly v. Powers,* 303 Ill. App. 198; *Greenberg v. Chicago Cab Co.,* 274 Ill. App. 666 (Abst.); *Billstrom v. Triple Tread Tire Co.,* 220 Ill. App. 550; *Larson v. Hines,* 220 Ill. App. 594; *Martin Cartage Co. v. Dempster Bros., Inc.,* 311 Ill. App. 70; and *Rogina v. Midwest Flying Service, Inc.,* 325 Ill. App. 588. These cases support its position and plaintiff does not contest the rule stated. She seeks to avert the catastrophe resulting from the verdict of not guilty as to Public Service—the setting aside of her verdict against Hinman—by abandoning her position as stated in her complaint and asserted throughout the trial. She now contends that Robertson, although a general employee of Public Service, was, for the special purpose of repairing and adjusting plaintiff's stove, the servant of Hinman, and that Hinman alone, not Hinman and Public Service, is liable for his negligence. If, as plaintiff contends, the question of whether Robertson became a servant of Hinman for the special purpose stated above created an issue of fact, that issue was never submitted to or determined by the jury. On the contrary, Public Service, whose able and experienced counsel should have been the first to raise the question if there be any merit in it, submitted its case on the theory, then uncontested by plaintiff, that Public Service should respond in damages for the negligence, if any, of Robertson in making the repairs or adjustments alleged to have been made by him. If an issue of fact is created by plaintiff's new position, the case should be remanded for a determination of that issue by the jury. If a question of law is presented by plaintiff's newly adopted position it must be decided by the court.

129

In *Shannon v. Nightingale,* 321 Ill. 168, cited by plaintiff, the court referred to *Densby v. Bartlett,* 318 Ill. 616, and said (174):

"The opinion in that case, following previous decisions of this court and of courts of other States and of the United States, affirms the well established rule that a servant in the general service of one may be transferred, with respect to particular work, to the service of another so as to become for the time, in respect to the particular work, the servant of that other, with all the legal consequences of the relation. . . . Though the true relation, as was said in *Braxton v. Mendelson,* 233 N. Y. 122, quoted in the *Bartlett case,* may be obscured by apparently contradictory circumstances, liability is determined by the answer to the question, Was the servant whose negligence injured the third party, performing work for his master within the scope of his employment or was he loaned by his master to do another's business? In the former case the general employer is liable for his negligence; in the latter he is not."

In *Connolly v. People's Gas Light & Coke Co.,* 260 Ill. 162, also quoted in the *Bartlett* case, the court said (166):

"It is true that a person who is in the general employment of one person may with his consent be transferred to another for some particular work, in such a way as to become the servant, for the time being, of the other in doing that work, but a servant who is sent to do work which his master has agreed to perform does not become the servant of the one for whom the work is performed by having the work pointed out to him. He is the master who has the choice, control and direction of the servant. . . ."

130

Plaintiff does not direct our attention to any evidence tending to bring Robertson within the tests prescribed by these cases. We find none. Construction of the evidence most favorable to plaintiff is, that on complaint being made, Hinman called Public Service and it sent Robertson to examine, repair and adjust the stove; he came alone to plaintiff's apartment with his tools, worked on the stove and reported to Public Service. There is no evidence that Hinman chose Robertson to do the work or controlled or directed him at any time, that any report was made by Robertson to Hinman or that Hinman paid Robertson for his work. Certainly Hinman had no right to discharge him. Robertson was doing the work of his general employer, the Public Service. As said by counsel for plaintiff in his argument to the jury: "For some reason or other—and I won't attempt to say why—it might be a matter of good advertising or good will, it might be that they recognized the fact that gas is a dangerous agency, I don't know. . . . The gas company, the Public Service company did maintain a department for the repair and the adjustment of gas fixtures, of gas stoves. . . . They had a head of the department. They had their trouble shooters when upon receipt of a complaint, when upon receipt of a request they sent their trouble shooters out and remedied the defects. Sometimes they did this gratuitously and sometimes they charged for it." There is no evidence Public Service made a charge, but that is immaterial. The evidence details a routine occurrence familiar to every housewife—the servicing of a household appliance by the manufacturer or distributor, who would resent any suggestion that his trouble shooter passed from his control or direction and became the agent or servant of the owner or user of the appliance. There being no evidence tending to show that Robertson became the servant of Hinman for the

131

purpose of repairing or adjusting the stove in plaintiff's apartment, a question of law was presented as in the case of a motion for a directed verdict. In *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387, the question involved was whether the employee was acting within the scope of his employment. The court said, "The question of law presented to the court upon a motion at the close of all the evidence is whether, when all the evidence is considered, together with all reasonable inferences from it in its most favorable aspect to the party against whom the motion is directed, there is a total failure to prove a necessary element of his case. (*Coal Creek Drainage District v. Sanitary District,* 336 Ill. 11.)" This question of law being decided adversely to plaintiff, there was no basis in the record for plaintiff's amendment of her complaint and the court erred in permitting the amendment. The judgment for Public Service bars action against Hinman, and the judgment appealed from must be reversed. This conclusion makes it unnecessary to consider other objections raised by Hinman.

The judgment is reversed.

*Reversed.*

TUOHY, P. J., and FEINBERG, J., concur.