Russell Laver, Plaintiff-Appellant, v. Delbert Kingston, Defendant-Appellee.

Gen. No. 10,081.

Third District.
September 10, 1956.
Released for publication September 26, 1956.

Louis L. Mason, and Francis R. Wiley, both of Decatur, for plaintiff-appellant.

Earl S. Hodges, of Springfield, for defendant-appellee; Samuel C. Patton, of Springfield, of counsel.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This case arises out of a collision between a motorcycle ridden by the plaintiff Russell Laver and a truck driven by Delbert Kingston, on North Jasper Street, Decatur, Illinois, on January 26, 1954. The truck was owned by Archer-Daniel-Midland Company, and at the time of the accident Delbert Kingston was an employee of that company. Suit was filed in the United States District Court, Southern Division, Southern District of Illinois, by Russell Laver and his wife, Anna Laver, against Archer-Daniel-Midland Company and Delbert Kingston. The court dismissed Counts II, III and IV of the complaint, leaving Russell Laver as sole plaintiff in Count I. Before trial the plaintiff dismissed without prejudice as to Delbert Kingston and upon trial of the cause, a jury returned a verdict in favor of the plaintiff in the amount of $7,500. Judgment was entered on the verdict and later the defendant Archer-Daniel-Midland Company paid off the judgment and costs of suit and the judgment was released by the plaintiff. Afterwards, on May 5, 1955, plaintiff Russell Laver filed suit in the Circuit Court of Macon County, Illinois against Delbert Kingston, the driver of the truck. The defendant Kingston filed a motion to dismiss the complaint, or in the alternative to enter judgment for the defendant, supported by affidavit, setting forth the judgment in the United States District Court and its satisfaction, claiming that the cause of action in this case and the one in the Federal Court was one and the same, and presented the identical facts and issues, and that by reason of the judgment and satisfaction of judgment in the Federal Court, the plaintiff was estopped against the employee Delbert Kingston. To this the plaintiff filed his motion to strike the motion to dismiss and the affidavit, and on November 9, 1955 the court allowed the defendant's motion to dismiss and the complaint was dismissed and judgment

entered for the defendant for costs. From that order the plaintiff has appealed to this court.

The plaintiff raises three points as grounds for appeal, but the disposal of the second point will dispose of all three. The second point, which is the law involved herein, is whether or not the suit by the plaintiff and subsequent judgment and satisfaction of judgment is res adjudicata and a bar to the present suit. Does the suit and judgment against the employer, payment of judgment and release thereof, bar a suit against the employee? We have been unable to find that this precise point has been passed upon in Illinois. In the case of Aldridge v. Fox, 348 Ill. App. 96, at page 101 the court said: "In this case both defendants were sued in separate counts of the same complaint. They were not sued in any count as joint tort-feasors. Separate verdicts were submitted as to each defendant without objection, both defendants were found guilty, and verdicts in varying amounts returned. The liability of master and servant for the act of the servant is deemed that of one tort-feasor and is a consolidated or unified one. Where one party acting for himself and his employer causes the unwarranted arrest of a third person a single wrongful act is committed. Sarine v. American Lumbermen's Mut. Casualty Co., 258 App. Div. 653, 17 N.Y.S.2d 754. If the employer and employee had here been sued jointly as they might legally have been, verdicts assessing damages against each could not have been permitted to stand for it has long been the law in this State a jury may not apportion damages among joint tort-feasors. If separate suits had been started against the principal and the agent and a recovery been had and satisfied against one, such satisfaction would operate as a discharge of the entire obligation. We do not interpret section 50 of the Practice Act as an attempt to change the substantive law of this State by permitting multiple recoveries against the principal and the agent through the device of suing each in sepa-

rate counts of the same complaint. The Practice Act (sec. 50) merely liberalized the rules of pleading by permitting the introduction into a single suit of all parties in interest." The court further stated on page 103: "Particularly is this true where the employer is a corporation, in which case both employer and employee are active tort-feasors, as a corporation must of its nature act only through employees and agents." It seems to us that the above case disposes of the question in this case. The defendant cites a number of cases involving situations where suit has been instituted against either the employer or the employee and the decision as to one has been held to be a bar to suit against the other, but none of them are decisive of the point raised here. The case of Anderson v. West Chicago St. R. Co., 200 Ill. 329, involved two railroads, one the owner of the line and one a lessee. Suit was brought against the owner company, and trial resulted in judgment for the defendant. This was not appealed, but later suit was brought against the lessee company, and the plaintiff recovered a judgment of $1,250. The case was appealed and the Appellate Court reversed the judgment. On appeal the Supreme Court held that the judgment for the defendant in the first case, namely the one against the owner company, was a bar to the suit against the lessee company.

The case of Spitz v. BeMac Transport Co., 334 Ill. App. 508, was a case where there was an employer, and two employees. One of the defendants, a driver, was given a stay under the provisions of the Soldiers' and Sailors' Civil Relief Act, and trial was had as to the remaining defendants, which resulted in a directed verdict of "Not Guilty." The Appellate Court in that case cited with approval the doctrine laid down in the Anderson v. West Chicago St. R. Co. case, supra, and held that a judgment in favor of the employer was res adjudicata as to a suit against the employee. The courts in both the Spitz case, supra, and Anderson case,

supra, quoted the following from Emery v. Fowler, 39 Me. 326: "To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses to have been committed by his servant acting by his orders, and to fail, upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony." The findings in the Spitz v. BeMac Transport Co. case, supra, were cited with approval in the case of Voss Truck Lines, Inc. v. Pike, 350 Ill. App. 528.

In the case of J. F. Martin Cartage Co. v. Dempster Bros., Inc., 311 Ill. App. 70 is another case where the employee was held to be not guilty, and the court held that since the liability of the employer was predicated upon the alleged negligence of the employee, a verdict in favor of the employee was a bar to a suit against the employer. The same situation arose in the case of Weekley v. Pennsylvania R. Co., 104 F. Supp. 899, where suit was brought against the employee and judgment was entered for the defendant, and then suit was brought against the employer railroad company, and there again it was held that the judgment in favor of the employee was a bar to suit against the employer.

It must first be admitted that the master and servant can be sued jointly or severally. The injured party can elect to sue the master or the servant, or both. The servant is liable because he is the active tort-feasor and committed the act which caused the injury. Being the real actor, he is nonetheless acting for another. The master is liable because of the doctrine of respondeat superior,—the rule of law which holds the master responsible for the negligent acts of his servant while acting within the scope of his employment. Lasko v. Meier, 394 Ill. 71. The plaintiff claims that master and servant are not joint tort-

feasors, and cites the case of Berghoff Brewing Co. v. Przbylski, 82 Ill. App. 361, as authority for this position. The law laid down in that case has long since been changed in Illinois, and it is now universally recognized that the master and servant may be sued jointly or severally. If they can be sued jointly it must be held that the employer stands as a joint tort-feasor with the employee, one as the moving actor in the wrong, and the other for whom the servant was acting. To hold otherwise would be to negate the rule that they are jointly liable.

■■ It must be conceded here that the plaintiff was injured in one accident. He was injured by an act of Delbert Kingston, who was then and there acting in the course of his employment. The only premise upon which a judgment against the employer could be entered would be that of action within the scope of his employment. There was one accident, one person injured, and the only people involved were the plaintiff, the driver of the truck, Delbert Kingston, and his employer. So there was one set of circumstances, one wrong, and one injury. For that wrong and injury, the plaintiff has recovered a judgment against the employer in the amount of $7,500 and that judgment has been satisfied by payment in full of judgment and costs. If the judgment had been entered but was unsatisfied, it would not be a bar. The general rule as stated in American Law Reports Annotated Vol. 27, page 805, is that the satisfaction of a judgment against one tort-feasor operates as a release of others involved. Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129; Jones v. Russell, 206 Ala. 215; Chetwood v. California Nat. Bank, 113 Cal. 414, 45 Pac. 704; Ashcraft v. Knoblock, 146 Ind. 169; Putney v. O'Brien, 53 Iowa 117; Union Associated Press v. Press Pub. Co., 24 Misc. 610, 54 N. Y. Supp. 183; Luce v. Dexter, 135 Mass. 23; Johnson v. Conrades (Mo.), 232 S. W. 680; Dicken v. Balbach, 9 Pa. Dist. R. 449.

In the case of Killham v. Chaloupka, 195 Ill. App. 182, which was a dramshop case, the court there held that a recovery and satisfaction against one person selling liquor to a drunkard, in an action by the wife and children for damages for injuries to their support, constituted a bar against another who may have contributed in bringing about the same intoxication.

Another dramshop case, McClure v. Lence, 345 Ill. App. 158 holds that for a single injury but one satisfaction may be had. And the court in passing on the matter said the guiding query in each case is: "Has the injury upon which the action is based already been satisfied or released?"

In view of the language of our courts in cases involving other matters, it would seem that our courts have, in other cases, felt that there can be only one compensation for one wrong. The issues in this case are simple, namely, was the employee guilty of negligence and what was the amount of compensation due the plaintiff for his injuries? These issues were settled by the trial in the Federal Court. The very same issues in the Federal Court would be the issues in the Circuit Court.

Even in the absence of specific legislation or decisions on this point, this court must hold that the plaintiff is barred from further suit after receiving the amount of judgment against the employer, and entering satisfaction for that judgment. To hold otherwise would be to promote litigation, not to settle it. To hold otherwise would permit a plaintiff to recover twice for one injury. The order of the Circuit Court dismissing the complaint was correct and is therefore affirmed.

Affirmed.

CARROLL, J., concurs.

HIBBS, J., took no part in the consideration of this case.