## COUNTY OF SOMERSET.

### EMERY *versus* FOWLER.

A judgment in an action of trespass against the principal for the act of his servant, rendered upon a trial of the merits of the case, is a bar to a suit against the *servant* for the same act.

And where *such judgment* was rendered *after* the pleading of the general issue in the action against the *servant*, it is admissible under that plea.

*Parol* evidence may be received to show that the same matter was directly in issue in the two suits.

The testimony of a deceased witness is receivable, when the witness can state the substance of the *whole* testimony relating to the issue.

But when after rehearsing the testimony, the witness admits, that he cannot give the whole of it, the Judge should exclude its consideration from the jury.

Emery *v.* Fowler.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding. TRESPASS, *quare clausum*, against Charles A. Fowler. The general issue was pleaded.

This action was originally brought before a magistrate, and tried in 1850, and an appeal taken.

On the trial in the Supreme Court, after the plaintiff had offered evidence of the act of trespass of defendant in Aug. 1847, the latter offered to prove by the witnesses introduced, that the same act of trespass was testified to and relied upon by plaintiff in an action of trespass tried in 1853, in the county of Somerset, in his suit against *Nathan Fowler*, and in that suit it was testified, that the act of the defendant was done by the express direction of said Nathan.

This testimony was excluded.

In that action against Nathan Fowler, judgment was rendered in his favor, and this defendant, at the time of the act complained of, was his minor son.

The plaintiff also offered evidence of the testimony of a witness given before the justice, who had since deceased. The witness was allowed to testify and refresh his recollection from his minutes, against the objections of defendant, in case he could state the whole testimony of the deceased witness in his exact language, or in language substantially, as he gave it. The witness thought he could, and testified, but on cross-examination he said he could not give all his testimony and had not.

The defendant objected to this evidence, and the Judge left it to the jury to judge whether the witness had given the language of the deceased witness substantially, and his whole testimony or not, and that unless they believed he had, they would disregard it.

The jury returned a verdict for the plaintiff, and exceptions were filed by defendant to the rulings and instructions.

*Drummond,* with whom was *Evans,* in support of the exceptions.

1. The evidence excluded should have been received. 1 Greenl. Ev. § 522; *Calhoun* v. *Dunning,* 4 Dal. 120;

*Outram* v. *Morewood & ux.* 3 East, 350; *Kinnersley* v. *Orpe,* Doug. 517. The law looks to the real parties. *Rogers* v. *Hains,* 3 Greenl. 362; 1 Stark. Ev. § 60; 3 Wilson, 304; *Ferrer* v. *Arden,* Cro. Eliz. 667.

Where there has been no opportunity to plead an estoppel in bar, it may be given in evidence under the general issue. *Howard* v. *Mitchell,* 14 Mass. 241; *Adams* v. *Barnes,* 17 Mass. 365; *Sevey* v. *Chick,* 13 Maine, 141.

Parol evidence is admissible to prove whether the same subject matter was passed upon in the former suit. 1 Greenl. Ev. § 532; *Parker* v. *Thompson,* 3 Pick. 429; *Cist* v. *Ziegler,* 16 Ser. & Raw. 282; *Ward* v. *Jackson,* 8 Wend. 9; *Burt* v. *Sternberg,* 4 Cow. 559.

2. The admissibility of the testimony of the deceased witness should not have been left to the jury. It was a question for the Court, and was inadmissible. *Com.* v. *Richards,* 18 Pick. 434; *Warren* v. *Nichols,* 6 Met. 261; *Warren* v. *Walker,* 23 Maine, 453; *Wolf* v. *Wyeth,* 11 Ser. & Raw. 149.

*Abbott, contra.*

Shepley, C. J. — This was an action of trespass *quare clausum,* commenced and tried before a justice of the peace. The defendant having appealed, offered on trial in this Court to prove that the plaintiff, on trial of an action of the like kind between him and Nathan Fowler, introduced proof of the acts of this defendant, now relied upon as acts of trespass committed by him, and proof that they were committed by him as the servant of Nathan Fowler, who then admitted that this defendant was his minor son and servant. This testimony was excluded.

It is insisted that the testimony was admissible, although the parties named in the former and the present suit were not the same.

When a former judgment upon the same matter should be admitted in another suit between same parties, or between parties in interest not named in the record, such as

servants and agents of the parties named, has been discussed by the elementary writers on evidence. This case requires that a single point only should be considered; whether one who acts as the servant of another, in doing an act alleged to have been a trespass, is to be considered as so connected with his principal, who commanded the act to be done, that what will operate as a bar to the further prosecution of the principal, will operate as such for his servant. If the action were brought against the servant, he could be permitted to prove that he acted as the servant of another, who commanded the act and was justified in the commission of it, or who, if the act were unlawful, had made compensation for it, either before or after judgment; and his defence would be complete. It is not perceived, why he may not, upon the same principles, be permitted to prove that the plaintiff had commenced a suit against his principal for the same cause of action and proved the acts of his servant as material to the issue tried between them, and that a judgment upon the merits had been rendered against him. In such case the principal and servant would be one in interest and would be known to the plaintiff to be so. To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses, to have been committed by his servant acting by his order, and to fail upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule, that a judgment can only be admitted between the parties to the record or their privies, expands so far as to admit it, when the same question has been decided and judgment rendered between parties responsible for the acts of others. A familiar example is presented in suits against a sheriff or his deputy, which being determined upon the merits, against or in favor of one, will be conclusive upon the other.

In the case of *Ferris* v. *Arden*, Cro. Eliz. 667, an action

of trover appears to have been commenced by the plaintiffs, against Simon Wagnal and two other persons, for taking an ox, who justified the taking as servants of the defendant and obtained a judgment in their favor. That judgment was pleaded in bar by the defendant, with the necessary averments, to show the cause of action to be the same, and it was held to be a bar, and that the plaintiff should not have his action against the defendant, "although he be a stranger to the record, whereby the plaintiffs were barred, yet he is privy to the trespass, wherefore he may well plead it and take advantage thereof."

The case of *Kitchen* v. *Campbell*, 3 Wel. 304, was an action for money had and received. The defendant, being a creditor of Anderson, a bankrupt, had entered up a judgment against him by virtue of a warrant to confess judgment, and had caused the sheriff by virtue of an execution issued upon it, to levy on the goods of Anderson, after he had become a bankrupt. The plaintiffs, as assignees of Anderson, had brought an action of trover against the sheriff and the defendant, for the conversion of those goods, in which the defendants in that suit had obtained a verdict and judgment. The plaintiffs then brought their action against the defendant for money had and received, claiming the money received by him on sale of those goods. The former judgment was held to be a bar.

In the case of *Kennersley* v. *Orpe*, Doug. 517, a principal and his servants were regarded as so completely one in interest in actions of *tort*, that a judgment against one of them was admitted as evidence against another, the plaintiff in both being the same, on the ground that the principal was the party in interest, and the real defendant in both cases.

In the case of *Strutt* v. *Bovington*, 5 Esp. 56, the record of a suit by the same plaintiffs against Bovington alone, was admitted in a suit against him and two others, on the ground that the two other defendants justified as his servants, showing the actual parties in interest to be the same.

The case of *Shurman* v. *Wild*, 11 Ad. & El. 463, was trespass *quare clausum*.   The defendants pleaded that they committed the acts alleged to be trespasses, as the servants of P. B. Barry, and delivered possession of the close to him; that the plaintiff entered and expelled Barry, who commenced a suit against him therefor, which with all other trespasses on the premises was compromised by the parties, upon certain terms set forth in the plea, which were accepted by the plaintiff in satisfaction.   Judgment was entered for the defendants.

In the case of *Rogers* v. *Haines*, 3 Greenl. 362, it was decided that the record of a judgment in a suit, Thomas Clark against James Rogers, was admissible in a suit by James Rogers against Reuben Haines, who claimed to have had an equitable interest in the notes, which were the cause of action in the first suit.

In the case of *White* v. *Philbrick*, 5 Greenl. 147, it was decided that proof that the plaintiff had recovered a judgment in an action of trover against a judgment creditor for seizure of his goods on an execution against one Levi Barrett, was receivable to prevent a recovery by the plaintiff, against the officer who had seized them on the execution by direction of the creditor.

It will be perceived that under the term parties to an action, have been included not only the persons named and privies in law, but those persons whose rights have been legally represented by them.   In this case, the defendant could legally represent the rights of Nathan Fowler, by proving that the acts alleged to be trespasses, were committed by him as his servant, and by his direction; and Nathan Fowler could in the former trial have legally represented the defendant by like proof.   And the trial upon the merits in both suits, might take place upon the same testimony, presented by the same parties or those by whom they were legally represented.

It is not therefore perceived, that any valid objection existed to the admission of the testimony excluded, on ac-

count of the names of the parties in that and in the present suit.

It is insisted that the record of the former judgment could not have been legally received, under a plea of the general issue. That issue appears to have been formed at the trial before the justice of the peace, as early as August, 1850. The judgment, to procure which the testimony excluded was introduced, was not recovered till September, 1853. The former judgment might have been admitted under the general issue. 1 Greenl. Ev. § 531.

It is further insisted that the testimony was properly excluded, because the record of the former judgment was not introduced. It appears to have been offered by a cross-examination of witnesses introduced by the plaintiff, before the defendant could be called upon to present the record. It does not appear to have been excluded because the record had not been presented.

Parol testimony was receivable, to show that the same matter was directly put in issue in the former and in the present suit, and that the decision in the former was upon the merits. *Rogers* v. *Libby*, 35 Maine, 200.

If upon the testimony the jury should have been satisfied, that the same acts of alleged trespass had been directly put in issue, and that a decision upon them had been made in the former suit on trial of the merits, that decision exhibited by the record of the judgment, should have been held to be conclusive. 1 Greenl. Ev. § 531; *Marsh* v. *Pier*, 4 Rawle, 288.

The testimony of a deceased witness on a former trial, is admissible only when the witness can state the substance of his whole testimony. He should be able to state the whole of the ideas communicated to the jury by that testimony, so far as they related to the point in issue. The magistrate before whom the former testimony was given, appears to have been properly admitted, for he professed to be able so to state the whole testimony of the deceased witness. When he came to testify, he appears to have failed

to do so. The exceptions state, that he "said distinctly that he could not give all his testimony, and had not." This was sufficient to show, that the testimony of the deceased witness was not so presented as to make it legal testimony, and it should then on defendant's motion have been excluded. *Exceptions sustained, verdict set aside, and new trial granted.*

TENNEY, J., concurred in the result only.