## William S. Moore et al. v. Grace D. Richardson.

1. FORCIBLE ENTRY AND DETAINER—*Effect of a Recovery in.*—A recovery in an action of forcible entry and detainer by one entitled to the possession of premises binds the defendant and all parties claiming possession under him as his agents and is conclusive as to their rights.

Forcible Entry and Detainer.—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed February 13, 1902.

EDWIN K. WALKER, attorney for plaintiffs in error.

PURNELL & TERWILLIGER, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was brought by defendant in error against plaintiffs in error in an action for forcible detainer before a justice of the peace. From judgment there, plaintiffs in error prosecuted their appeal to the Circuit Court. Upon trial in the Circuit Court, after hearing all the evidence, the trial court peremptorily directed a verdict for the plaintiff there, the defendant in error here, and from the judgment rendered upon such verdict this appeal is prosecuted. Shortly before this suit was brought defendant in error obtained a judgment against one Deming for possession of these same premises, in an action for forcible detainer. The title to the real estate in question is left in a condition of uncertainty by the evidence, except that it appears that at one time plaintiff in error Moore was assignee of a lessor of the premises, and William Richardson, defendant in error's father, and her agent now, was lessee named in the lease, and except that it also appears that at the time of the trial defendant in error was owner of the land. To this latter fact William Richardson testified, and the evidence was received without objection or contradiction. The fact of defendant in error's ownership being thus established, it only remained to be shown what right, if any, plaintiffs in error had to the possession. It appears that plaintiff in error Moore had purchased a building situate upon the land. It does not appear, however, that he had any right whatever to a possession of the land. The only right asserted by Moore is that one Deming occupied and paid rent to defendant in error, and that the possession of Deming was Moore's possession, because the former was, in effect, an agent and tenant of the latter. Deming had no right, and claimed none, except such as resulted from his occupancy and payment of rent to defendant in error. It was contended that by reason of accepting such payments of rent defendant in error recognized Deming as her tenant, and

without notice could not dispossess him, and the whole claim of Moore is built upon this fact and the further fact that Deming was the agent of Moore, his undisclosed principal. But defendant in error had no notice or knowledge of any interest of Moore. She knew only Deming, and recognized him only as her tenant. To him she receipted for rent, and as to him she terminated the tenancy and dispossessed him by a judgment in an action for forcible detainer in April, 1899.

It is contended by the learned counsel for plaintiffs in error that the record of this judgment was improperly admitted in evidence. That it is *res inter alios acta* because Deming is no party to this suit. This would be true if plaintiffs in error had any right to possession other than such as they claim by virtue of Deming's occupancy as an undisclosed agent of Moore. But they have none other. Plaintiff in error Wait is only in interest because he is a tenant of plaintiff in error Moore, and plaintiff in error Moore makes no pretense to any claim except such as might result from the occupancy and payment of rent by Deming. Therefore, the record of the judgment against Deming for a forcible detainer as to the premises was not only competent, but it is conclusive as to Moore's rights acquired through Deming's relations to defendant in error. Phillips v. Moir, 69 Ill. 155; Emery v. Fowler, 39 Me. 326.

In the latter case the court, after citing and considering several decisions, said:

"It will be perceived that under the term 'parties to an action' have been included, not only the persons named, and privies in law, but those persons whose rights have been legally represented by them."

See also, Kennersly v. Orpe, Douglas, 517; and Strutt v. Bovington, 5 Esp. 56.

Moore, as the undisclosed principal of Deming, acquired no rights by Deming's occupancy and payment of rent other than the rights acquired by Deming, and Deming's rights were all terminated by the judgment for forcible detainer in April, 1899. After the obtaining of that judgment, of which proceeding Moore had knowledge, the following con-

versation was had between Moore and Richardson, defendant in error's agent.   Moore testified:

"I remember the conversation with Mr. Richardson.   I did not tell him I wanted a little time.   I was never served with notice to terminate the tenancy.   I had a conversation with Mr. Richardson with regard to owning the building. Mr. Richardson came in on the 19th day of May, and said he had given Mr. Deming until the 1st day of June to get out, and asked, ' When is he going to move the building ?'   I said, 'Mr. Deming isn't going to move the building because he don't own it.'   'Why, how is that?' he said.   'Well,' I said, 'I bought it and paid for it.'   He said, 'This is news to me.   When do you propose to move it ?'   'Well, Mr. Richardson, when you say so; when I must.   I would like to have you be easy with me; I would like to have you give me a year; if you can't, then six months.'   He said, 'Mr. Moore, this is all new to me.   I have had two law suits with Deming about this building.   I will go home and talk with Mrs. Richardson and give you all the time I can. And I will come in here and let you know.'"

From all the evidence it is obvious that plaintiff in error Moore had bought and owned the building upon defendant in error's land, but that he had no right whatever to the possession of the land.

The refusal of instructions tendered by counsel for plaintiffs in error becomes unimportant, for the court peremptorily directed a verdict for defendant in error.   The only question presented is as to whether there was error in this direction.   Inasmuch as the right of defendant in error to possession appears from the evidence, and no right of plaintiffs in error thereto is shown, the direction of the learned trial court was proper and the judgment will be affirmed.