(No. 29369.—)
WALLACE LASKO, Appellee, *vs.* FERD MEIER *et al.*—(VERN MEIER, Appellant.)

*Opinion filed May 21, 1946.*

OMER POOS, of Hillsboro, for appellant.

J. D. WILSON, of Nokomis, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The plaintiff, Wallace Lasko, filed suit in the circuit court of Montgomery county against Ferd Meier and his son, Vern Meier, to recover damages for personal injuries. On plaintiff's motion, during the progress of the trial, the case was dismissed as to the defendant, Ferd Meier. The jury returned a verdict for $8000 in favor of plaintiff and against the remaining defendant, Vern Meier. The trial court entered judgment on the verdict. The Appellate Court affirmed the judgment and the cause is now before this court for further review, upon leave granted.

It is first contended that the complaint charges a cause of action against Ferd Meier, only, and contains no statement of a cause of action against Vern Meier, the appellant; that although the complaint alleges that Ferd Meier, through his servant, Vern Meier, committed one or more acts of negligence, it contains no charge of negligence against Vern Meier, the servant, or any allegation or charge that Vern Meier, the servant, was guilty of any act of negligence; and that the negligence alleged was the negligence only of the master, Ferd Meier. Appellee, in opposition, asserts that the complaint states sufficient facts to support the verdict and judgment and that, since no attack was made upon it in the trial court, any defects therein must be considered as cured by the verdict.

All intendments are in favor of the sufficiency of a complaint which is not questioned until after verdict. (*Connett v. Winget*, 374 Ill. 531.) A verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any sub-

stantial facts which are essential to a right of action, if the issue joined is such as necessarily requires, on the trial, proof of the facts so omitted or imperfectly stated and if such facts can be implied from the allegations of the complaint by fair and reasonable intendment. (41 Am. Jur. 575, sec. 407; *Miller* v. *Kresge Co.* 306 Ill. 104; *Walters* v. *City of Ottawa,* 240 Ill. 259; *Sargent Co.* v. *Baublis,* 215 Ill. 428.) If the declaration or complaint omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the facts alleged on which issue is joined, a verdict for the plaintiff will not cure the omission. (*Foster* v. *St. Luke's Hospital,* 191 Ill. 94.) Where the declaration or complaint and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured by verdict. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.) This court, in the case of *Bowman* v. *People,* 114 Ill. 474, which was an action at law, quoted from Chitty, in his work on Pleading, as follows: "The expression, *cured by verdict,* signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict, and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied *from the allegations in the record, by fair and reasonable intendment;* and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary." The rule is, as stated in the last-cited case, that if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not *implied in* or *inferable from* the finding of those which are alleged, a verdict for the plaintiff does

not cure the defect. The question whether a complaint discloses a cause of action is always open to consideration in a court of review. There is a substantial and material difference between a complaint which alleges no cause of action and which may be questioned at any time and one which defectively or imperfectly alleges a cause of action and is good after verdict. (*Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.) If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal. But, on the other hand, if the complaint states a cause of action, no matter how defectively or imperfectly alleged, and the same is not challenged below, then such defectively stated cause of action is cured by verdict and cannot be questioned on appeal.

Our inquiry, therefore, is not whether the complaint in this cause is skillfully drawn in compliance with the rules of good pleading or whether it contains a perfect statement of a cause of action against appellant, but whether it alleges, regardless of how imperfectly or defectively it may be stated, any cause of action whatever as to him. A cause of action consists of a right belonging to the plaintiff and some wrongful act or omission done by the defendant by which that right has been violated and a grievance suffered therefrom by the plaintiff for which the law gives him a right to sue. A cause of action includes every fact necessary for the plaintiff to prove to entitle him to succeed, and every fact which the defendant would have a right to traverse. (*City of Elmhurst* v. *Kegerreis,* 392 Ill. 195.) The terms "right of action" and "cause of action" are equivalent expressions. *Walters* v. *City of Ottawa,* 240 Ill. 259.

It is necessary, in an action to recover damages for personal injuries, to allege and prove the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, the failure of the

defendant to perform that duty, and the resulting injury to the plaintiff. (*Bremer* v. *Lake Erie and Western Railroad Co.* 318 Ill. 11; *Miller* v. *Kresge Co.* 306 Ill. 104; *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232.) The Civil Practice Act provides that all pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense or reply. (Ill. Rev. Stat. 1945, chap. 110, par. 157.) It also provides that no pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet. (Ill. Rev. Stat. 1945, chap. 110, par. 166.) We find that before the Civil Practice Act it was held that a declaration should contain a clear and distinct statement of the facts which constitute the cause of action so that they might be understood by the party who was to answer them and that the main purpose of a pleading was accomplished when, by reasonably intelligible allegations, the opposing party was advised of the case to be made against him. (*Miller* v. *Kresge Co.* 306 Ill. 104.) It was also held that all that was necessary in the statement of a plaintiff's claim in a declaration was a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff. *Lincoln Park Coal and Brick Co.* v. *Wabash Railway Co.* 338 Ill. 82.

The complaint in the present case contains only one count. Its averments, in so far as pertinent to the question raised by appellant, are that the defendant, Ferd Meier, was the owner of and, through his agent, servant and son, Vern Meier, was possessed of and had control of a certain automobile; that the defendant, Ferd Meier, through his agent, son and servant, Vern Meier, then and there did one or more of the following acts: (a) carelessly and negligently drove and managed his automobile, etc.; or, (b) operated his said motor vehicle at a rate of speed

in excess of that which was reasonable and proper, etc. Appellant contends that the complaint is fatally defective as to him because it contains only the statement that Ferd Meier, through his agent, son and servant, the appellant, committed one or more acts of negligence, and contains no statement that he, the appellant, committed any act of negligence. The complaint must state facts from which the law will raise the duty. It is not necessary to explicitly say of a defendant that he was guilty of negligence. It is sufficient if the facts stated are such that the law will attach to the conduct of the defendant the charge of negligence. The complaint in this case was filed against both Ferd Meier and appellant and prayed judgment against both of them. If the facts alleged disclose that appellant has committed some act, violating a duty owed to the plaintiff, and for which violation the law has given plaintiff a remedy against him, then the complaint sufficiently states a cause of action against appellant. An averment that appellant was negligent would add nothing to the sufficiency of the complaint. If the facts stated disclose negligence on his part, the averment is surplusage; and if they do not, it is useless.

A master and servant are each liable for injuries caused solely by the negligent act of the servant in the course of his employment. The servant is liable because he is the active tort-feasor and committed the act which caused the injury. Being the real actor, he is nonetheless liable because acting for another. The master is liable because of the doctrine of *respondeat superior*,—the rule of law which holds the master responsible for the negligent acts of his servant while acting within the scope of his employment. They may be sued jointly for the injury.

In this case the complaint charges that Ferd Meier, by his agent and son, Vern Meier, negligently and carelessly drove his automobile so as to injure the plaintiff. Both were made parties defendant to a tort action, and if neither had

been dismissed a judgment could have been legally entered against them jointly for the commission of a tort. However, if a verdict was rendered against one only of the two defendants, it would be good, even though the complaint still charged joint negligence. *Linquist* v. *Hodges*, 248 Ill. 491.

In this case instead of a verdict being returned against one defendant in a joint action the plaintiff elected to dismiss one defendant, leaving one in the complaint without amending it. No good reason can be advanced why the verdict would be good in one case and not in the other. The complaint alleges that the negligent acts were done and performed by Vern Meier, and the father was claimed to be jointly liable because of the tortuous act of a servant.

When the complaint was dismissed as to the father, the facts constituting the careless and negligent acts of the son were still alleged in the complaint and must necessarily relate to the remaining defendant to the same extent as at the time it was filed, except as to the descriptive matter showing his relation to the other defendant. This descriptive matter showing him to be the employee or son of the dismissed defendant was now purely descriptive matter and surplusage. If the defendant desired a more complete and detailed statement it could have been obtained by a motion under section 42 of the Civil Practice Act. This section also provides that any objection to a pleading in substance or form is waived by a failure to raise objections in the trial court.

The case of *Klawiter* v. *Jones*, 219 Ill. 626, has no application to the present case because no facts were there alleged which would make more than one party liable and the party against whom liability was properly charged being dismissed left a complaint that had no charge whatever against the remaining defendant. A good complaint under the Civil Practice Act is one that reasonably informs the defendant of the grounds of the plaintiff's suit. The de-

fendant knew in the first instance that he was charged with a negligent and careless act which created a liability upon his own part and upon the part of his father. He knew also that when Ferd Meier, his codefendant, was dismissed out of the case by the plaintiff there was no change in the character of the facts alleged against him, the remaining defendant, and he was reasonably informed that the plaintiff was holding him liable for such acts.

This was a sufficient complaint against him and if it lacked formality could have been cured by motion, and not having made the motion the appellant is now in no position to question the sufficiency of the complaint.

Appellant further contends that the court erred in not directing a verdict in his favor, for the reason, as he says, that the plaintiff was guilty of contributory negligence as a matter of law, in failing to warn the driver of the approach of the other automobile. The question whether a plaintiff has been guilty of contributory negligence is ordinarily and pre-eminently a question of fact, upon which he is entitled to have the finding of a jury. It can become a question of law only when, from the undisputed facts, all reasonable minds, in the exercise of a fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. The accident occurred at the intersection of Vine and Central streets in the city of Nokomis about two o'clock in the afternoon. Appellant was driving west on Central street. Plaintiff was riding as a guest in the front seat of an automobile owned and driven by his older brother, which was then traveling north on Vine street. While it is true the negligence of the brother could not be imputed to the plaintiff, still he was not excused from exercising due care merely because he was a guest passenger. The obligation of exercising reasonable care is a duty which constantly attends every individual. Whether it requires the doing of specific acts depends upon the circumstances. The testimony did not

show that the brother was an unsafe or reckless driver or that the car was not in good mechanical condition. There is nothing in the record to show that the brother was careless or incompetent, or that plaintiff ought to have expected that he would not properly operate the car. The brother had the same opportunity as the plaintiff of seeing the approaching automobile. In fact, the testimony shows that he saw the appellant's car at practically the same instant as did the plaintiff. Plaintiff could fairly have assumed that his brother saw the oncoming car and would yield it the right of way, as he should have done. The whole incident covered but a very short space of time. Under the circumstances, we cannot say, as a matter of law, that plaintiff was negligent in not anticipating that his brother, instead of waiting for appellant's car to pass, would speed up and dash into the intersection, and cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence because he did not do or say anything at the time of or prior to the accident. To hold as a matter of law that plaintiff was guilty of contributory negligence would, in our judgment, usurp the province of the jury. We think the court did not err in submitting the question of the plaintiff's contributory negligence to the jury as a matter of fact for it to determine.

It is urged by defendant that plaintiff's instructions Nos. 2 and 3 fail to define what conduct constitutes due care and caution, and without such definition were confusing in view of the evidence offered in the case. It is true the instructions might have been more fully set forth, however, defendant's given instruction No. 6 fully and correctly instructs the jury concerning plaintiff's responsibility to give warning to the driver; and in view of this instruction and the evidence as to the situation and circumstances surrounding the plaintiff at and immediately prior to the collision, we do not believe it can reasonably be contended that the jury was confused or misled by

the instructions to which appellant objects. The cases cited by appellant, in the facts and circumstances disclosed by the evidence therein, differ so widely from those in the case now before us, that we do not regard the cases cited as being in point.

It is also urged that the court erred in refusing to give defendant's first, second and third refused instructions. These refused instructions, so far as they state correct principles of law which are applicable to the case, were fully covered by other instructions given on behalf of the defendant. In our opinion there was no error in the giving or refusing of instructions. The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*