Noreen Spitz, Administratrix of Estate of George Leo Spitz, Deceased, Appellant, v. BeMac Transport Company et al., Defendants. Joseph Bristow, Appellee.

Gen. No. 9,594.

Opinion filed May 27, 1948. Released for publication June 22, 1948.

. Earl S. Hodges, of Springfield, for appellant; Maurice W. Kepner, of Springfield, of counsel.

Giffin, Winning, Lindner, Newkirk & Jones, of Springfield, for appellee; Robert H. Brunsman, Robert F. Hails and George K. Blanchard, all of Springfield, of counsel.

Mr. Presiding Justice Wheat delivered the opinion of the court.

This is an appeal by plaintiff appellant, Noreen Spitz, administratrix of the estate of George Leo Spitz, deceased, from a judgment for defendant appellee, Joseph Bristow, entered upon motion.

A purely legal problem is presented, which, to be made intelligible, requires a statement of the factual background.

In 1944, plaintiff filed her complaint to recover for the death of her intestate and for property damage, all alleged to have resulted from an accident involving a car driven by her decedent and two trucks owned by BeMac Transport Company, one driven by an alleged agent named Palermo and the other driven by the present defendant, Bristow. The complaint is divided into counts which variously attempt to charge the three defendants, each of whom is a party to each count, with wilful and wanton misconduct or negligence. An answer was filed by all defendants which denied all the substantial averments but admitted the allegations of each count to the effect that the individual defendants were acting as agents of the principal and in the scope of their authority.

Subsequently, the defendants filed a motion for a stay under the provisions of the Soldiers' and Sailors' Civil Relief Act (50 USCA App. §§ 510 *et seq.*), which was allowed as to the defendant, Bristow, who is appellee here. A trial against the remaining defendants resulted in a directed verdict of not guilty, which became final through the dismissal of an appeal which plaintiff attempted to take. Thereafter the defendant, Bristow, filed a motion for judgment, on the theory that the final judgment in favor of the principal BeMac, operates as *res adjudicata,* because the present defendant's agency and scope of authority were admitted in the suit against the principal, the liability of which was predicated solely on the doctrine of *respondeat superior* as applied to the agents, Palermo and Bristow, so that the issues in the present case have been litigated and decided adversely to the plaintiff in the former suit.

Apparently the pleading, which is called a motion for judgment in bar of the plaintiff's action, was re-

garded as an affirmative defense to be taken as true by the plaintiff, and all parties concede that the pleadings present the question of the legal sufficiency of the "motion for judgment." The briefs of both parties are confined to this point and we shall proceed to decide it.

■ ■ Plaintiff argues only the so-called general rule that one is not bound by a prior judgment if he was not a party to such action or does not stand in the relation of privity to one who was a party. To this, plaintiff adds the frequently repeated statement that masters and servants are not as such in privity with each other. From the abstractions of these general rules plaintiff attempts to solve this particular case. The difficulty is that the foregoing rules have exceptions, and strictly speaking, the exception does not prove the rule, if "prove" means to establish, but rather the exception demonstrates that the rule was not valid. Whether these rules should be rephrased or not is beyond the province of this case; it is sufficient to observe that in the precise situation with which we are concerned it is generally held that the judgment in favor of the principal is a bar to a subsequent action against the agent. This leaves it unnecessary to indulge in a metaphysical search for the meaning of such words as "privity."

A leading case on the subject is *Emery v. Fowler,* 39 Me. 326, which is authority for defendant's position on this appeal, and which states:

"To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses to have been committed by his servant acting by his orders, and to fail, upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule that a

judgment can only be admitted between the parties to the record or their privies, expands so far as to admit it when the same question has been decided and judgment rendered between parties responsible for the acts of others.''

This is one of the cases cited in support of Freeman on Judgments (5th Ed. 1925) where the author says (at pp. 1031 and 1032):

''So, also, the servant or agent whenever sued upon acts innocently done at the request of his master or principal, as in the case of a trespass, may claim the benefit of a previous judgment in favor of the latter on the same matter and based on grounds equally applicable to both.''

The author then points out that a contrary result should be reached where a principal has been acquitted in an action against him for the fraud of his agent and a subsequent suit has been brought against the agent. Such was the situation in plaintiff's case of *McVeigh v. McGurren,* 117 F. (2d) 672, which involved a complicated factual situation very different from the present case. It is, however, unnecessary to ponder the question as the Supreme Court of Illinois has decided the point in favor of the defendant's position as articulated by Freeman and in accordance with what the authors of A. L. R. and American Jurisprudence denominate the majority rule, 133 A. L. R. 193, 30 Am. Jur. 977. In *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329 (which quotes with approval the case of *Emery v. Fowler, supra*), the defendant was lessee of a street railway on which the accident occurred. In the course of the defense a record of a prior case was offered wherein the plaintiff had sued the lessor railway and had lost. In the trial court, Anderson obtained a judgment which was reversed in the Appellate Court and, on appeal, the judgment of the latter court was affirmed. The approach to the

question was on the basis that the relation between the lessor and lessee was that of principal and agent and it was held that the lessee occupying the position of agent was necessarily determined to be free from actionable wrong when the lessor occupying the position of principal was found not guilty.

Applying the rule of this case, which appears to be in harmony with the usual rule, to the factual situation, which is free from doubt, requires an affirmance of the court below.

The circuit court did not err and the judgment is affirmed.

*Affirmed.*