## WEEKLEY v. PENNSYLVANIA R. CO.

### Civ. A. No. 2174.

United States District Court
E. D. Illinois.

Feb. 28, 1952.

Wham & Wham, Centralia, Ill., for plaintiff.

Coburn, Storckman & Croft, by Winston Cook, St. Louis, Mo., Whitnel & Walker, East St. Louis, Ill., of counsel, for defendant.

PLATT, District Judge.

This is an action to recover damages for personal injuries from the defendant railroad company. The cause was originally filed in the Circuit Court of Fayette County, Illinois, and removed to this court. Defendant has filed a motion for summary judgment, setting out as grounds therefor a judgment of a State court as res judicata.

The complaint alleges that plaintiff was struck by a truck driven by defendant's agents or servants, Kirchner and Wester-

46. Ely Maurer and James Simsarian, Op. Cit., loc. cit., p. 4.

47. 50 U.S.C.A.Appendix, § 9(a).

gren. Attached to the defendant's motion is a copy of an amended complaint filed in the Circuit Court of Fayette County by the identical plaintiff against both Kirchner and Westergren. The two complaints are the same in every respect except for allegations in the instant complaint that the defendant is liable upon the doctrine of respondeat superior for the negligence of its servants in the operation of the truck. The only issue appearing here which was not presented to the Illinois court is the question of the agency or employment relationship.

Defendant has also attached to its motion a photostatic copy of the judgment of the Circuit Court of Fayette County, Illinois, showing that after trial before the court the plaintiff took nothing and that the defendants Kirchner and Westergren recovered costs. No brief or counter-affidavits have been filed in opposition to defendant's verified motion. More than six months have elapsed since the entry of the judgment in the State court, and there is no record of an appeal. This is a final judgment. Gray v. Amerada Petroleum Corp., 5 Cir., 145 F.2d 730.

■ The problem presented to this court is whether after suit against the agent is tried upon the merits and the plaintiff suffers a judgment in favor of the agent the plaintiff then can sue the master on the same facts. A person has a joint action against the master and his servant for the injuries resulting from the negligence or wrongful act of the servant under the doctrine of respondeat superior, or he may bring his suit against either the servant or the master. Lasko v. Meier, 394 Ill. 71, 67 N.E.2d 162. The plaintiff in the instant case chose to bring the suit against the servants, and after final adjudication and with no separate act of negligence alleged against the master has in the instant case before this court filed a suit against the master. We are, therefore, faced with the sole question of whether the injured party plaintiff should be permitted to again litigate the same cause of action because of the additional element of agency.

■ In 50 C.J.S., Judgments, § 757, p. 279, the general rule is stated:

"* * * where plaintiff in an action against an employee is defeated on the merits, the judgment is generally regarded as a bar to a subsequent action against the employer, and vice versa, at least when the master is not guilty of any independent or concurrent wrong, but must be held, if at all, under the doctrine of respondeat superior."

To the same effect, 35 Am.Jur., Master and Servant, Para. 534.

Although no case has been found squarely in point in Illinois, the principles laid down in the analagous cases in Illinois establish that Illinois follows the general rule. Thus, in several reported cases verdicts have been returned against the master only where both master and servant were sued in one action for the negligence of the latter. Such verdicts have consistently been set aside on the theory that the express or implied finding for the servant barred the entry of judgment against the master. Hayes v. Chicago Telephone Co., 218 Ill. 414, 75 N.E. 1003; Spitz v. BeMac Transport Co., 334 Ill.App. 508, 79 N.E.2d 859; Rogina v. Midwest Flying Service, 325 Ill.App. 588, 60 N.E.2d 633; Larson v. Hines, 220 Ill.App. 594; Antrim v. Legg, 203 Ill.App. 482.

In Billstrom v. Triple Tread Tire Co., 220 Ill.App. 550, at page 553 the Court said:

"Appellant is a corporation capable of acting only through agents, and where an action of fraud and deceit is brought against a corporation it can be held liable only on account of the rule of *respondeat superior*, by reason of the false representations of its agent. It follows therefore, as a matter of course, that if the agent who makes the representations and causes the injury is free from liability, his employer must also be free from liability."

A similar result has been reached in a case in which a finding in favor of the principal was set out as a bar to further action

against the agent. Anderson v. West Chicago Street R. R. Co., 200 Ill. 329, 65 N.E. 717.

Plaintiff might have argued that the doctrine of res judicata can operate as a bar only to parties to the record and their privies; that the converse of this should also be true, namely, that only parties or persons in privity therewith should be able to assert a prior. judgment as a defense; that master and servant are not, as such, in privity. with each other; and that therefore defendant's motion should be denied. This argument has been raised in many jurisdictions with varying degrees of success, but in Illinois the majority rule is set out in Spitz v. BeMac Transport Co., 334 Ill.App. 508, at page 510, 79 N. E.2d 859, 861, as follows, quoting from Emery v. Fowler, 39 Me. 326:

> "'* * * In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies, expands so far as to admit it when the same question has been decided and judgment rendered between parties responsible for the acts of others.'"

To the same effect, Anderson v. West Chicago Street R. R. Co., supra.

The facts in the instant case should be distinguished from the quite different situation presented by such cases as Bunyan v. American Glycerin Co., 230 Ill.App. 351. This was a case for wrongful death in which the court properly entered judgment against only the master although the servant was also made a party defendant. The acts of other agents or servants of the defendant made the defendant company liable on the theory of respondeat superior. The distinction is well set out by the court at pages 354–355 of 230 Ill. App.:

> "In this State the law is well settled that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of *respondeat superior* for

the negligence of the other, if the latter is found not guilty such finding is a complete bar to the action against the former. * * * All the cases indicate that the rule does not apply if it appears from the declaration or complaint that the employer is charged with negligence other than that of the employee who has been found not guilty. It is more evident, from the following cases, that appellant is not relieved from liability by virtue of that rule of law unless the sole negligence charged against it is the negligent act or omission of its agent * * *."

As already pointed out, the two complaints filed by the plaintiff are identical in every respect save only as to allegations of agency. There are no additional agents or servants of the defendant corporation involved in this action. Taken in the light most favorable to the plaintiff, the complaint herein alleges no negligent acts by the defendant other than the imputed negligence of Kirchner and Westergren, the same defendants, the same servants and agents, and the same and only servants and agents involved in the action in the State court. The final judgment of the Illinois circuit court having found in favor of the defendant's servants, it must be held that the judgment under the law of Illinois is a bar to this action against the defendant.

It is well established that the doctrine of res judicata can be raised by way of a motion for summary judgment. Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; Sabin v. Home Owners' Loan Corp., 10 Cir., 151 F.2d 541; Billings Utility Co. v. Advisory Committee, 8 Cir., 135 F.2d 108.

Therefore, the defendant's motion for summary judgment must be granted with costs against the plaintiff. Defendant will submit appropriate findings of fact and conclusions of law with proper order, all in accordance with this memorandum.

It is so ordered.