ELIZABETH ANN TOWNS, Plaintiff-Appellant, v. YELLOW CAB COMPANY et al., Defendants-Appellees.

First District (5th Division)    No. 76-1464

Opinion filed September 16, 1977.

Patrick A. Barton, of Chicago, for appellant.

Jesmer and Harris, of Chicago (Francis X. Riley, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a judgment entered against her and in favor of defendant Joseph Smith, Jr., on the basis of *res judicata*. She contends that (1) the court erred when it considered defendant's motion to dismiss after it had previously been denied by another judge, and (2) the prior judgment entered in favor of Smith's employer Yellow Cab does not bar the instant action against Smith.

Plaintiff was injured while a passenger in a Yellow Cab driven by Smith. On November 8, 1972, she filed a multi-count complaint against Smith, Yellow Cab, and the drivers of three other vehicles also involved in the collision. In count I (the only count directed against Smith and Yellow Cab) she alleged that Yellow Cab through defendant Smith as its agent and servant had been negligent in the operation of one of its cabs. After being served with process, Yellow Cab filed an appearance and answer on December 7, 1972, admitting agency, but denying liability. At the same time it submitted interrogatories to plaintiff. When on January 25, 1973, plaintiff had failed to respond to these interrogatories, it moved to dismiss. Although the court directed plaintiff on several occasions to answer the interrogatories, she failed to comply with the court's orders. On May 11, 1973, the court dismissed plaintiff's allegations against Yellow Cab "with prejudice" pursuant to Supreme Court Rule 219(c). Ill. Rev. Stat. 1973, ch. 110A, par. 219(c).

Meanwhile, Smith had not been served with summons. When finally served on October 22, 1973, he moved to dismiss on the basis of the prior dismissal of Yellow Cab. He argued that because the order dismissing Yellow Cab did not provide otherwise, Supreme Court Rule 273[1] operated to make it "an adjudication on the merits." (Ill. Rev. Stat. 1973, ch. 110A, par. 273; *Brainerd v. First Lake County National Bank of Libertyville* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468.) Accordingly, because a decision on the merits in favor of a master who admits agency operates as *res judicata* in favor of his servant (*Spitz v. BeMac Transport Co.* (1948), 334 Ill. App. 508, 79 N.E.2d 859), he concluded that he also should be dismissed. Initially, the motion judge denied Smith's request. However, he later renewed his motion before the trial judge who granted it.

OPINION

■■ Preliminarily, plaintiff contends that it was error for the court to consider defendant's motion to dismiss after it had previously been denied by another judge. However, Supreme Court Rule 304(a) explicitly

---

[1] Supreme Court Rule 273 (Ill. Rev. Stat. 1973, ch. 110A, par. 273) provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

states that rulings as to less than all the parties, which are not found by the trial court to be appealable, are "subject to revision at any time before entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a).) Although plaintiff argues that the second judge's ruling is not a revision, principally because it is not labeled as such, it seems clear that it is.

■■ Plaintiff also contends that the court erred when it held that her claim against Smith was barred by the prior dismissal of Yellow Cab. While admitting that Rule 273 operates to make this an adjudication on the merits, plaintiff nonetheless argues that its effect as such was never meant to be extended to anyone other than the dismissed party.

We disagree. Admittedly, no Illinois case has considered the effect of Rule 273 on a cause of action against a master or a servant, whose counterpart has been dismissed on grounds falling within the purview of this rule. However, Rule 273 is based on Federal Rule 41(b) (Fed. R. Civ. P. 41(b); Ill. Ann. Stat., ch. 110A, par. 273, Committee Comments, at 281 (Smith-Hurd 1973)) and the application of Rule 41(b) has been considered in the exact context raised here.

In *Mooney v. Central Motor Lines* (6th Cir. 1955), 222 F.2d 572, the trial court dismissed defendant who has been sued on the theory of *respondeat superior* for plaintiff's failure to attend a deposition. Plaintiff then brought the identical action against defendant's employee, who moved to dismiss on the basis of Rule 41(b) and *res judicata*. The Sixth Circuit Court of Appeals agreed holding that the adjudication upon the merits in favor of the employer, even if artificially imposed by statute, barred any further action against the employee.

The cases upon which plaintiff relies are distinguishable. Neither *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259, nor *Hansel v. Chicago Transit Authority* (1971), 132 Ill. App. 2d 402, 270 N.E.2d 553 (which both held that a dismissal of a servant "with prejudice" did not affect plaintiff's right of action against the master), addressed themselves to the application of Rule 273. Moreover, the dismissal in *Edgar* was entered pursuant to a covenant not to sue which specifically provided that the dismissal would not affect plaintiff's claim against his employer (57 Ill. 2d 298, 301, 312 N.E.2d 259, 260). Similarly, in *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162, the court allowed plaintiff to proceed against the servant, although the master had previously been dismissed with prejudice. However, just as in *Edgar* plaintiff had voluntarily entered the dismissal. 394 Ill. 71, 78, 67 N.E.2d 162, 166.

*Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802, and *Stephan v. Yellow Cab Co.* (1975), 30 Ill. App. 3d 996, 333 N.E.2d 223, are equally inapplicable. The issue the court faced in *Siegel* was

50

whether an involuntary dismissal amounted to a "legal termination" in defendant's favor for the purposes of maintaining a suit for malicious prosecution. In *Stephan* this court recognized the adjudicatory effects of Rule 273 on a dismissal entered for failure to appear for a deposition. However, we did not dismiss a second suit on the basis of *res judicata* brought against the same defendant, because the second action involved different issues than the first suit. The instant case presents no such problem. Yellow Cab admitted agency in their answer and both it and Smith were charged with the same negligent acts. Consequently, the suits against Yellow Cab and Smith involved identical issues—defendant's negligence and plaintiff's contributory negligence. A decision on the merits as to one defendant necessarily bound the other defendant. *Spitz v. BeMac Transport Co.* (1948), 334 Ill. App. 508, 79 N.E.2d 859.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.